ALFRED A. LISCOMB, Respondent, *v.* SARAH KATHA-RINE AGATE and Others, as Executors and Trustees, etc., of FREDERICK K. AGATE, Deceased, Appellants.

*Bill of particulars showing items of a counter-claim for alleged illegal commissions taken by plaintiff on articles purchased for his principal.*

In an action, brought to recover for wages alleged to have been earned by the plaintiff, and for expenses incurred by him in the management of an apartment-house, the defendants alleged in their answer that the plaintiff had been accustomed, while so employed, " to exact and receive various percentages and commissions upon the purchase of supplies for the said apartment-house, without the knowledge and in violation of the duty which he owed to his employers, and demanded that he render an account thereof.'

*Held*, that a motion that the defendants furnish a bill of particulars, giving the amounts of such commissions, the dates of their payment, and the names of the various persons from whom they were received, was properly granted.

*Dwight* v. *Germania Life Insurance Company* (84 N Y., 493) followed.

Appeal by the defendants from an order entered in the New York county clerk's office on September 27, 1888, granting a motion for a bill of particulars of certain matters set forth by way of counter-claim in the answer herein, and requiring the defendants to furnish and serve upon the plaintiff's attorneys a bill of particulars of the counter-claim set up in article 8 of the answer, showing the

names of the persons from whom certain commissions were exacted by the plaintiff, the amount of such commissions, and the date of the payments thereof, within ten days after the entry and service of the order, with the privilege to the defendants to serve an additional bill of particulars at any time, but at least eight days before the trial of this action.

*George P. Gordell*, for the appellants.

*Donohue, Newcombe & Cardozo*, for the respondent.

BRADY, J.:

This action was brought to recover wages for March and April, 1888, alleged to have been earned by the plaintiff, and for expenses alleged to have been incurred by him in the management of an apartment-house as superintendent thereof.

The defendants set up in their answer, among other things, the plaintiff's neglect to account for the rent of the two months immediately preceding the testator's death, and also, that "while in the employment of said Frederick K. Agate, as superintendent of the apartment-house, and so long as he continued to act as superintendent after the death of Frederick N. Agate," the plaintiff "was accustomed to exact and to receive various percentages and commissions upon the purchase of supplies for said apartment-house, without the knowledge of said Frederick K. Agate, or of these defendants, and in violation of the duty which he owed to his employer."

The answer prays "that the plaintiff be required to render an account showing his receipts and disbursements on account of said Windsor apartment-house" for the said two months, and "also showing all sums received by him as percentages and commissions upon the purchase of supplies for the said Windsor apartment-house, * * * and that these defendants have judgment against the plaintiff upon any balance due to them upon said account." * * * The learned justice, by whom the motion was granted, said that the main objection urged against the furnishing a bill of particulars was, that the defendants could not give the amounts and names of the various persons from whom the commissions were received, but only some of them, and hence, no doubt, the provision of the order

requiring a bill of particulars to be served, but without prejudice to the right of the defendants to serve an additional bill at any time, but not less than eight days before the trial. The object was to enable them to enlarge the defense as the knowledge of its details occurred to them or resulted from information or investigation. Whatever may have been the practice prior to the decision of *Tilton* v. *Beecher* (59 N. Y., 176), and whatever might have been the views of the profession with regard to the question prior to that time it is now settled that the bill of particulars is not confined to actions for demands for money but extends to all descriptions of actions, when justice demands that a party shall be apprised of the matter for which he is to be put on trial with more particularity than is required by the rules of pleading. Nor is this power confined to an exercise of it in behalf of a defendant in an action. In favor of the plaintiff, as well, the court may order the defendant to give the particulars of the facts which he expects to prove. Thus, on a plea of fraud and consequent repudiation by the defendant, he has been compelled to give particulars of the acts of fraud and repudiation, and the power has been exercised even in a criminal case in favor of the commonwealth and against the prisoner. The power to compel this is incident to the general authority of the court in the administration of justice. It is the same power, in kind, that courts have to grant a new trial on the ground of surprise. The latter is remedial and curative. The former is preventative. But both have the same purpose — to reach exact justice between the parties, by learning just what is the truth, and to learn what is the truth by giving to each party all reasonable opportunity to produce his own proofs, and to meet and sift those of his adversary Section 531 of the Code provides that the court may, in any case, direct a bill of particulars to be delivered to the adverse party. (*Dwight et al.* v. *Germania Life Ins. Co.*, 84 N. Y., 493.) And this rule seems to be particularly applicable where, as in this case, the defendant seeks affirmative relief.

The real purpose of ordering a bill of particulars is to reach justice between the parties by evolving the truth from their discordant statements, and to give the parties every reasonable facility for coming to the trial fully prepared for all that may be produced by the other side. This is just as important whether the matter is

set up as a bare defense or as a basis for a demand for affirmative relief. (*Dwight* v. *Germania Life Ins. Co.*, *supra.*) It is unnecessary to say, in addition to this, that when affirmative relief is sought by the defendant he becomes, as to such relief, an actor or plaintiff; and, as such, changes his relation to the plaintiff. The principles enunciated by the case last cited cover the question involved herein, and show the propriety and the justice of requiring the defendants to state the instances of fraud practiced by the plaintiff, to which they refer and which should not have been made, except upon reliable information as to their occurrence. For these reasons the order should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and MACOMBER, J., concurred in the result.

Order affirmed, with ten dollars costs and disbursements.