JESSIE L. WARD et al., Respondents, v. DEWITT C. LITTLE-
JOHN, Executor, etc., Appellant.

*Supreme Court, Second Department, General Term July 2, 1889.*

1. *Bill of particulars. Affidavit.*—A party need not make the affidavit for
a bill of particulars, but it may be made by the attorney. It must fur-
nish the requisite proof to warrant the order.
2. *Same.*—Where a bill of particulars is defective, it is sufficient to return
it, and demand that a proper or further bill be furnished.
3. *Same.*—The order to furnish a further bill of particulars is in the dis-
cretion of the court.
4. *Same.*—Where it may be very material on the trial to know the
amounts paid and services rendered by defendant and others set up in
the counterclaim, and it is very important that the plaintiff be in-
formed in respect thereto before going to trial, it is almost a matter
of course to require a bill of particulars to be furnished.

Appeal from an order for an additional bill of particulars
made on the affidavit of one of plaintiff's attorneys.

*Lockwood & Hill,* for appellant.

*George G. & T. Reynolds,* for respondents.

PRATT, J.—It was not essential that the affidavit should
have been made by a party to the suit. It was only neces-
sary that the affidavit should furnish the requisite proof to
require the order to be made. Neither was it necessary to
make a new and specific demand for further particulars, it
was enough to return the bill already furnished, if it was
defective, and demand that the previous order should be
complied with and a proper bill furnished, or to demand a
further bill. The merits of furnishing a bill of particulars
had already been passed upon and acquiesced in by the
defendants. The order appealed from, to furnish a further
bill, was clearly in the discretion of the judge, and, we think,

the discretion was properly exercised.    Dwight *v.* Germania
L. Ins. Co., 84 N. Y. 493.

According to defendants' theory, it is necessary to try the
issue first, whether the plaintiffs are entitled to an account-
ing, and, if so, adjourn the case or send it to a referee.
There is no law that requires a case to be tried by piece-
meal.

It may be very material on the trial to know the amounts
paid and services rendered by defendant and others set up in
the counterclaim, and it is important the plaintiff should
be informed in respect thereof before going to trial.    It is
almost a matter of course to require a bill of particulars in
cases like this.    Liscomb *v.* Agate, 51 Hun, 291 ; 4 N. Y.
Supp. 167 ; Robinson *v.* Comer, 13 Hun, 291 ; Kelsey *v.* Sar-
gent, 100 N. Y. 602 ; 3 N. E. Rep. 795.    This order seems
well sustained upon principle and authority, and must be
affirmed, with costs and disbursements.