THE JEWELERS' MERCANTILE AGENCY (Limited), Respondent, *v.* THE JEWELERS' WEEKLY PUBLISHING COMPANY and Others Appellants.

*Bill of particulars — it must not be sought for, to obtain evidence.*

In an action brought by a mercantile agency to enjoin a corporation from printing certain matter, the complaint alleged, in a clear and definite manner, that the corporation printed matter which was taken from reference books and confidential sheets of the mercantile agency.

On appeal from an order denying a motion made by the printing corporation to compel the agency to furnish a bill of particulars, specifying in detail all of the information alleged to have been appropriated and used by the defendant:

*Held,* that no case was made for a bill of particulars, the allegation of the complaint being definite.

That it was not the office of a bill of particulars to furnish, to his adversary, the evidence by which the other party may prove his claim, but only to limit the charges which the adversary must meet and thus prevent surprise.

That the issuable fact in the case was not whether the same errors appeared in plaintiff's books and sheets, and also in the defendant's newspaper, although the fact that the same errors appeared in each might be evidence that the defendant had wrongfully circulated information which belonged exclusively to the plaintiff.

Appeal by the defendants, The Jewelers' Weekly Publishing Company, Alonzo Rothschild and Albert Ulmann, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 13th day of April, 1892, denying a motion made for an order requiring the plaintiff to furnish a bill of particulars.

It appeared from the complaint that the allegation, in regard to which a bill of particulars was sought, was as follows :

*Eighth.* That defendant corporation has appropriated and used, and is continuing to appropriate and use, in violation of plaintiff's rights and greatly to its damage, information taken from plaintiff's said

reference books, and also from its said confidential sheets and reports, which information was and is wrongfully and unlawfully obtained by the defendants through plaintiff's subscribers, or otherwise, and that the defendant corporation has published and circulated, and is publishing and circulating, said information from time to time in the form of " A Complete Directory of the Jewelry Trade," which is substantially similar in form and substance to plaintiff's reference books hereinbefore referred to.

*Leopold Sondheim,* for the appellants.

*Henry E. Howlands,* for the responden

O'BRIEN, J.:

The action is brought by the plaintiff to restrain and enjoin the defendants from apprropriating, printing, publishing or issuing, in any way, or for any purpose whatever, information contained in plaintiff's reference books, weekly correction sheets and reports. The plaintiff carries on the business of a jewelers' mercantile agency, which consists in obtaining, from various sources, information as to the places of business, business addresses, details of the business, commercial standing and credit of individuals, firms and corporations engaged in the jewelry trade throughout the country, and in furnishing such information confidentially for the use of subscribers. The defendant, The Jewelers' Weekly Publishing Company, is a corporation engaged in printing and circulating a weekly publication called The Jewelers' Weekly. In addition to such weekly the defendant corporation publishes and sells a directory called " A Complete Directory of the Jewelry Trade."

Plaintiff's grievance, upon which it relies for the relief demanded, is that the defendant corporation has appropriated and used, and is continuing to appropriate and use, in violation of plaintiff's rights, and greatly to its damage, information wrongfully and unlawfully taken from the plaintiff's reference books, and from the confidential sheets and reports, and publishing and circulating such information in the form of " A Complete Directory of the Jewelry Trade."

The motion made by the defendants was to compel the plaintiff to furnish a bill of particulars specifying, in detail, all of the information alleged to have been appropriated and used by the defendant

corporation.  This motion was denied, and, we think, properly so. The defendants fail to apprehend the office of a bill of particulars under our practice.  It was never intended by it to furnish to an adversary the evidence which a party might have to prove his claim. The purpose was to limit and define the charges or issuable fact which an adversary would have to meet, with a view to preventing surprise upon the trial.  The theory upon which the bill of particulars here was sought, was that it would be necessary for the plaintiff, in order to sustain its cause of action, to prove the errors which, appearing in the plaintiff's books and proofs, likewise. appeared in the defendant's directory, and which would be available to plaintiff as evidence tending to show the appropriation by defendant as alleged.  It should be remembered, however, that pointing out such errors is but evidence to sustain the allegations of the complaint, and it would not be either necessary or essential to maintain plaintiff's cause of action to point out many such errors. If the plaintiff can show, by the evidence of those who copied from the plaintiff's books, or from witnesses who saw others copying from plaintiff's books, then resort to the similarity between the two books would be unnecessary, nor would it be essential to establish the plaintiff's cause of action to point out similarity in errors existing in the respective publications of the parties.  There is no indefiteness or uncertainty about the charge made, and to maintain its action the plaintiff must establish the wrongful taking of the information alleged against the defendant.

The issuable fact between the parties is not whether errors which appear in the plaintiff's books appear likewise in the defendant's publication ; the question at issue is whether the defendant has wrongfully taken and circulated information which belonged exclusively to the plaintiff.  This the plaintiff is at liberty to establish either by pointing out the errors which have been copied from plaintiff's into the defendant's publication, or by any other competent proof, and we think sufficient has been said on this point to show that these are not particulars of any claim that is made, but are to be resorted to as evidence by the plaintiff to prove its case against the defendant.

The cases of *Newell* v. *Butler* (38 Hun, 104) and *Ball* v. *Evening Post Publishing Company* (Id., 11), we think, point out the true

ground upon which the granting or denial of a motion of this kind should be placed. As said in the former case (*Newell* v. *Butler*): "Where the original pleading itself states the propositions or facts relied upon so specifically and particularly, as that to require the party pleading to give further information in reference thereto would be to force him to disclose the evidence which he expects to produce to support them, a bill of particulars is uncalled for."

And in *Ball* v. *Evening Post Publishing Company :* " I think it may be laid down as the result of the adjudications on the subject that the only proper office of a bill of particulars is to give information of the specific proposition for which the pleader contends in respect to any material and issuable fact in the case, but not to disclose the evidence relied upon to establish any such proposition."

To summarize, therefore, we think that the charge made against the defendant is sufficiently explicit; that the complaint itself specifically states from what source the information claimed to have been purloined by the defendant is taken, its character, and how and where the defendant is publishing it. The effect of requiring the plaintiff to specify the particular information which the defendant is charged with having taken and published in the directory would be to compel plaintiff to disclose the evidence upon which, in part or in whole, it may rely upon the trial.

In a case like this, where the charge is distinctly made which the plaintiff is obliged to establish, if, upon the trial, the plaintiff can prove that the defendant has appropriated its information, it would necessarily follow that no surprise could result to defendant, because such proof should be possible only from the fact that the defendant had been engaged in doing the very thing with which it is charged by the plaintiff.

We are of opinion, therefore, that the order should be affirmed, with costs and disbursements.

Van Brunt, P. J., concurred.

Order affirmed, with costs and disbursements.