### BOSKOWITZ v. SULZBACHER.

(Supreme Court, Appellate Division, First Department. March 13, 1908.)

1. PLEADING—BILL OF PARTICULARS—RIGHT TO PARTICULARS.

In an action to set aside a copartnership dissolution agreement, a bill of particulars as to matters pertinent only to an accounting should not be required of plaintiff, since no accounting can be had unless plaintiff shall succeed in having the agreement set aside.

2. SAME.

In an action to set aside a copartnership dissolution agreement on the ground that it was procured by fraud, misrepresentations, and concealments respecting the partnership property, an order for a bill of particulars requiring plaintiff to particularize practically all the evidence he proposes to introduce upon the trial is too broad, and defendant is entitled only to particulars of the frauds alleged to have been practiced in obtaining the execution of the agreement, and the acts of mismanagement, concealment, etc., which are claimed to have rendered the account of the partnership property false and fraudulent.

Appeal from Special Term, New York County.

Action by Jesse L. Boskowitz, administrator of the estate of Ignatz Boskowitz, against Joseph H. Sulzbacher. From an order granting defendant's motion for a bill of particulars, plaintiff appeals. Order modified and affirmed.

See 121 App. Div. 886, 106 N. Y. Supp. 872.

Argued before I N G R A H A M, L A U G H L I N, CLARKE, HOUGHTON, and SCOTT, JJ.

John B. Stanchfield, for appellant.
Charles L. Craig, for respondent.

PER CURIAM. The order directing the plaintiff to furnish a bill of particulars is altogether too broad, in that it requires the plaintiff to particularize practically all of the evidence which he proposes to introduce upon the trial, as well as matters pertinent to an accounting only. The action is brought to set aside a copartnership dissolution agreement, on the ground that it was procured by fraud, misrepresentations, and concealments respecting the partnership property. A bill of particulars as to matters pertinent only to the accounting should not now be required. No accounting can be had, unless the plaintiff shall succeed in setting aside the dissolution agreement.

The defendant is entitled, however, to be furnished with a bill of particulars of the frauds which the plaintiff claims were practiced by the defendant upon the deceased partner to induce him to sign the dissolution agreement, and the acts of mismanagement, concealment, and secret dealings on the part of defendant which it is claimed made the account rendered a false and fraudulent one. If

the plaintiff has not precise knowledge of all these, he can state his claim concerning them specifically, and thus properly apprise the defendant as to what he must meet upon the trial. This will be accomplished by requiring plaintiff to give a bill of particulars only as to those matters contained in paragraphs of the order numbered 1, 11, 19, 20, 30, 31, 32, 37 (to the words "the extent"), 43, 44, 45, 63, 66 (to the words "and the extent"), 73, 74 (to the words "together with"), 77, 78, 80, 82, 89, 91, 96, 99, 104, 107, and 108. All the other numbered paragraphs of the order should be stricken out.

Even as thus modified, the preparation of the bill of particulars will necessarily occupy much time. The order appealed from allows only 5 days. That should be extended to 15 days from the notice of entry of the order on this appeal.

The order appealed from should be modified as above stated, and, as so modified, affirmed, without costs to either party.