## SMIDT v. BAILEY.

(Supreme Court, Appellate Division, First Department.   May 7, 1909.)

PARTITION (§ 61*)—PLEADING—BILL OF PARTICULARS—EVIDENTIARY FACTS.

The complaint for partition of land on the ground that an apparent devise thereof was void, having specified the nature of the claim, by alleging want of testamentary capacity, that execution of the will was procured by fraud and undue influence, and that it was not executed as required by law or in such manner as to pass an interest in real estate, plaintiff need not give a bill of particulars as to the evidentiary facts.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 176; Dec. Dig. § 61.*]

Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by May B. Smidt against Charles C. Bailey, impleaded with others.   From an order directing plaintiff to serve a bill of particulars, she appeals.   Reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edgar L. Ryder, for appellant.
Emery H. Sykes, for respondent.

McLAUGHLIN, J.   This action was brought under section 1537 of the Code of Civil Procedure to partition certain real estate in the city of New York upon the ground that an apparent devise thereof by Eliza T. Bailey to the respondent Charles C. Bailey is void.

The facts set out in the complaint showing that such devise is void are that the testatrix was not at the time of the execution of her will and codicil, or either of them, of sound mind or memory, and did not have testamentary capacity; that the execution and publication of the same were procured by fraud and undue influence practiced upon her by the respondent, or "some other person or persons unknown to the plaintiff," and she did not voluntarily execute them; and that the same were not executed by her in the manner required by the laws of the state of New York, or in such manner as to constitute them or either of them valid instruments to pass an interest in real estate. After the respondent had interposed an answer which denied the allegations of the complaint as to the alleged invalidity of such devise, he moved for a bill of particulars.   The motion was granted, with $10 costs, and plaintiff was directed to deliver to the respondent within five days after service of a copy of the order and notice of entry thereof upon her attorney, a verified bill of particulars setting forth the acts of fraud, undue influence, and the time and place thereof practiced upon the testatrix by the respondent and "some other person or persons unknown to the plaintiff" with a description of such person or persons, also the acts and circumstances of fraud and coercion exercised upon the testatrix by the respondent in procuring the execution and publication of the will and codicil referred to, as well as the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

acts and circumstances of fraud and collusion in procuring the execution and publication of such instruments by a person or persons other than the respondent and a description of such person; also in what particulars the will and codicil were not executed in the manner required by the laws of the state of New York to constitute them or either of them valid instruments to pass an interest in the real estate of the testatrix. The plaintiff appeals from this order.

The order, it will be noticed, requires the plaintiff to set forth, not the nature of her claim—because that is fully set out in the complaint—but all the evidence which she has tending to establish the truth of such claim. It is not the purpose of a bill of particulars to compel a party to furnish to his adversary the evidence upon which he relies. Before the will and codicil were admitted to probate, the respondent, or the one asking to have such instruments probated, had to satisfy the surrogate that the same were duly executed, and that the testatrix at the time she executed them was in all respects competent to make a will, and not under restraint. Code Civ. Proc. § 2623. The surrogate's decree admitting the same to probate presumptively establishes these facts. Section 2627. This presumption the plaintiff, in order to succeed, must overcome by proof; that is, by evidence which will satisfy the court that the allegations of the complaint in this respect are true. The respondent is fully advised by the complaint as to what the plaintiff claims, and this is all that he is entitled to. The rule seems to be well settled that where the pleadings specify the nature of the claim, as this complaint does, that is sufficient, and the party will not be required to disclose the evidence he has to establish the claim. Smith v. Anderson, 126 App. Div. 24, 110 N. Y. Supp. 191; Bennett v. Wardell, 43 Hun, 452; Hazard v. Birdsall, 61 Hun, 208, 16 N. Y. Supp. 30. The last case cited is directly in point. There the court held, as expressed in the headnote, that:

"Where an action has been begun for the partition of real property, under section 1537 of the Code of Civil Procedure, the terms of which permit the plaintiffs to allege and establish that an apparent devise to third persons is void, and the plaintiffs allege that such a devise is void because of the testator's incompetency and of undue influence exerted upon him, a motion made by the defendant for a bill of particulars requiring the plaintiffs to state in what particular the execution of said will was defective, and also any particular or special act or false representation relied on as establishing undue influence will be denied."

It would be manifestly unfair to the plaintiff to require her to inform the respondent what evidence she will introduce at the trial to establish the allegations of the complaint, unless the respondent were also required to inform her of the evidence he would introduce in answer thereto. If each party were required to furnish to his adversary before trial a statement of the evidence upon which he would rely, it would undoubtedly shorten the trial, and might in some cases materially aid the court in doing justice to them; but this is a subject for the consideration of the Legislature. There is now no provision of the statute which justifies the court in directing that such evidence be furnished, and, in the absence of a statute, the court ought not to require it.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

INGRAHAM, LAUGHLIN, and CLARKE, JJ., concur. SCOTT, J., dissents.