### HAGUE v. NORTHERN HOTEL CO.

(Supreme Court, Appellate Term.   June 13, 1912.)

1. PLEADING (§ 317*)—PRIMA FACIE CASE—BILL OF PARTICULARS.

A plaintiff, suing on a note, who alleges that the note, made to the order of defendant, was indorsed by defendant and delivered to plaintiff, before maturity, establishes a prima facie case by proving the allegations, under Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 50, and no bill of particulars of other matter need be furnished by him.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

2. PLEADING (§ 313*)—PRIMA FACIE CASE—BILL OF PARTICULARS.

Where a defendant, in an action on a note alleged by plaintiff to have been made to the order of defendant and indorsed by him and delivered to plaintiff before maturity, set up as a separate defense that he, to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

knowledge of plaintiff, received no consideration for the indorsement, he could not compel plaintiff to furnish a bill of particulars as to whether he claimed that a consideration passed to defendant for the indorsement, and, if so, the details of the consideration.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. § 313.*]

Appeal from City Court of New York, Special Term.

Action by Mary Hague against the Northern Hotel Company. From so much of an order of the City Court of the City of New York as requires plaintiff to furnish a bill of particulars as to whether she claims that the consideration of the note sued on passed to defendant for indorsing it, and, if she does so claim, the details as to the character of such consideration, she appeals. Modified and affirmed.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Sondheim & Sondheim, of New York City, for appellant.

Curtis, Mallet-Prevost & Colt, of New York City, for respondent.

BIJUR, J. [1] The complaint alleges that the note, made to the order of the defendant, was duly indorsed by it and delivered to the plaintiff before maturity. As plaintiff need, prima facie, prove no more to entitle it to recover (see Negotiable Instruments Law, § 50), no bill of particulars of other matter need be furnished. City of Rochester v. McDowell, 12 N. Y. Supp. 414;[1] Matthews v. Hubbard, 47 N. Y. 428.

[2] Defendant sets up as a separate defense that *it,* to the knowledge of plaintiff, received no consideration for the indorsement. What defendant now seeks in his bill of particulars is plaintiff's *evidence in rebuttal* of the defense—a purpose altogether foreign to a bill of particulars. Smidt v. Bailey, 132 App. Div. 177, 116 N. Y. Supp. 805; Smith v. Anderson, 126 App. Div. 24, 110 N. Y. Supp. 191; Barone v. Leary, 44 App. Div. 418, 60 N. Y. Supp. 1131.

Order modified, by excluding therefrom the items called for in paragraph 3 of the affidavit of George C. Brown, and, as thus modified, affirmed, with $10 costs and disbursements to the appellant. All concur.

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 59 Hun, 615.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes