HERMAN STARR, Plaintiff, *v.* THE YVETTE COMPANY and Others, Defendants.

Supreme Court, New York County, November 2, 1925.

Pleadings — bill of particulars — defendant in action on promissory note in which defense is fraud in inception of note is entitled to bill of particulars to meet proof of plaintiff that his transferor was holder in due course — presumption as to holder in due course under Negotiable Instruments Law, §§ 50, 52, is rebuttable.

Defendant herein, in an action by the plaintiff as the assignee of a holder in due course of a promissory note, in which the defense is fraud in the inception of said note, is entitled to a bill of particulars as to the consideration which passed from the alleged holder in due course to its transferor, stating the circumstances of the transaction and the name of the officer of the transferor with whom the agreement was made, since the defendant should be in a position to meet plaintiff's proof that his assignor was a holder in due course and should be apprised of necessary particulars to enable it to prepare for trial.

Notwithstanding the fact that under sections 50 and 52 of the Negotiable Instruments Law the plaintiff's transferor is presumed to be a holder in due course, the presumption is rebuttable and if the evidence on the trial discloses that fraud has been perpetrated on the defendant by the immediate payee of the note, the burden of actual proof showing plaintiff's assignor to be a holder in due course will rest upon the plaintiff.

MOTION by defendant for bill of particulars.

*Thomas & Friedman* [*Stanleigh P. Friedman* and *Harold Cohn* of counsel], for the plaintiff.

*Katz & Sommerich* [*Otto C. Sommerich* of counsel], for the defendants.

PROSKAUER, J. The plaintiff sues as the assignee of a holder in due course of a promissory note. The defense is fraud in the inception of the note.

The defendant asks a bill of particulars as to the consideration which passed from the alleged holder in due course to its transferor. It is to be noted that the demand is not for the particulars of the consideration which passed to the defendant. The situation thus presented differs radically from that in *Hague* v. *Northern Hotel Co.* (77 Misc. 142); nor is the defense failure or want of consideration. While under the Negotiable Instruments Law (§§ 50, 52) the plaintiff's assignor is presumed to be a holder in due course, this is a rebuttable presumption, and upon the trial, if the defendant proves the fraud alleged to have been perpetrated upon it by the immediate payee, the burden of actual proof will rest upon the plaintiff of proving that his assignor was a holder in due course. (*Title Guarantee & Trust Co.* v. *Pam*, 232 N. Y. 441, 452.) The defendant should be in a position to meet this proof and should be apprised of the necessary particulars to enable it to prepare for trial.

A bill of particulars will, therefore, be ordered specifying what value was paid by the Hellman Commercial Trust and Savings Bank for the note; whether the payment was by check or in cash; if by check, a copy of the check; if in cash, the amount of the cash; or if the value was given by credit, a statement of the amount of the credit; whether it was applied on account of a past indebtedness, or if not, when and in what manner the credit was used up by the transferor; also the time and place of the delivery of the note; whether the agreement respecting its delivery was oral or in writing; if in writing, a copy thereof, and if oral, the time and place where the agreement was made and the substance of the agreement.

With respect to the demand for the name of the officer of the Hellman Commercial Trust and Savings Bank with whom the agreement was made, it is the practice of this department also to order this particular where the party is a corporation. (*Elman* v. *Ziegfeld*, 200 App. Div. 494, 497; *Alleghany Iron Co.* v. *Chesapeake & Ohio R. Co.*, 69 id. 87; *American Woolen Co.* v. *Altkrug*, 137 id. 621.)

Motion granted. Settle order on notice.