JOHN B. FALVO, Plaintiff, *v.* EDWARD J. PROVENGA and Another, Defendants.

County Court, Oneida County, March 2, 1929.

*Maurice Supiro,* for the plaintiff.

*Fred A. White* [*W. W. Guile* of counsel], for the defendant.

HAZARD, J. This action was brought to recover upon a promissory note for $800 dated October 30, 1927, and which purports to have been made by the two defendants to the order of the plaintiff and was payable in ninety days after date. The note was not interest bearing. The plaintiff testified that he was requested to have the note discounted as a matter of accommodation to the makers, who wanted to raise $800 upon it; that he went to his

bank and procured the note to be discounted. Understanding that the makers required $800, he was obliged to agree to pay interest on the note. Whereupon he testified that the banker made a notation in red ink at the end of the note and following the phrase " value received " of the two words *with int.* It is urged upon this motion that this red ink notation amounts to a " material alteration " of the note and that, therefore, the note is void and the judgment which has been rendered for the plaintiff upon it should be set aside.

Of course, there can be no doubt or argument over the proposition that any material alteration of a written contract or obligation will have the effect of voiding it. (Neg. Inst. Law, § 205.) The question remains as to whether what occurred, as outlined above, constitutes a material alteration. By section 206 of the Negotiable Instruments Law any alteration which changes the sum payable either for principal or interest is so considered. (See subd. 2.) However, it seems to me that there remains a serious question as to whether the red ink notation which was made by the banker as a memorandum of the fact that Falvo had agreed to pay interest at the maturity of the note, should be regarded as any alteration to the note itself. It seems to me, looking at the matter in a common sense way, that no such conclusion can be reached. Surely the banker, who made the red ink notation, had no such intention in mind. Incidentally, he made besides the notation referred to above, three or four other notations in red ink on the face of the note, a very common practice among bank officials and employees, as every one familiar with the business must know. It must be kept in mind that no effort was made to imitate the handwriting in the body of the note and in all human probability nothing was further from the banker's mind than that he was committing a forgery when he indorsed the memorandum upon the note. I will admit that the practice is not to be commended. On the other hand, when it is done in red ink and as a part of the number of indorsements which they usually put upon their paper, it must inevitably be harmless. No one should endeavor to claim interest on such a note because of such an addition. Incidentally again, the plaintiff has endeavored to do just that in this action as his claim and the demand for judgment contained in the complaint both claim interest from the date of the note. The claim was utterly untenable and was abandoned on the trial.

Of course, the burden was upon the plaintiff to account for the red ink notation, when he endeavored to enforce the note against the defendants, and this he did by the testimony referred to above. In other words, he showed that the alteration was made

by " a stranger to it." (*National Ulster County Bank* v. *Madden*, 114 N. Y. 280, 286; *Gowdey* v. *Robbins*, 3 App. Div. 353.)

It seems to me that, to have the effect of destroying the note, the alteration must have been made with *fraudulent intent.* (*Meyer* v. *Huneke*, 55 N. Y. 412.) In the case just cited, an offer was made to prove that the addition of the words " with interest " was done *with intent to defraud*, and the court said: " We think that the court below should have admitted this evidence." (P. 416.) Further on in the same case (at p. 419) the court refers to the important element of " intentionally exposed to injury " and adds: " The alteration may have been so skillfully made as to render detection difficult." All of these elements are foreign to the case at bar in which obviously no effort was made to deceive anybody. Incidentally, in this case, the words " with interest " are partially erased; and the note as set forth in the complaint does not contain those words. It is probably true that if the words in question had been added with any fraudulent intent, erasing them would not reinstate the note, but I am forced to conclude that the explanation of how those words came to have been at one time added to the note is to be regarded under the circumstances of the case as a satisfactory one. Surely not every memorandum which may be indorsed upon a note by bank clerks will vitiate it. So far as my observation goes, if such red ink notations would have that effect, about 98 per cent, if not 100 per cent, of the commercial paper now in banks in this locality would be void. It was held in *Merchants' Bank of Canada* v. *Brown* (86 App. Div. 599, 602) that the addition of the indorser's address upon the back of a note, following the indorsement, was " a mere memorandum " and had no effect upon the note. Granting that the addition of the words " with interest " is more important than the addition of a maker's or indorser's address, still when such an addition is made palpably and obviously as an extraneous memorandum, I am compelled to believe that it would be unjustifiable to hold that such a procedure would destroy the note. Incidentally, if it destroyed the note, it would also destroy the original indebtedness for which the note stands (*Columbia Distilling Co.* v. *Rech*, 151 App. Div. 128, 130), an effect which I do not think would be justifiable in this case, especially and particularly when the notation was made by a third party, wholly on his own motion and for his own convenience and, so far as appears, without asking or obtaining the consent of the payee who was endeavoring to realize upon the note the amount which the makers were asking him to loan for them.

The claim is made on behalf of the plaintiff that inasmuch as the defense which we have been considering above is not pleaded,

it is not available; but inasmuch as the note as set forth in the complaint does not contain the added words, I think this claim is not tenable; but that the defendants might raise upon the trial, when the note was produced, the claim that it had been tampered with and have the benefit of such a defense without pleading it, under the circumstances.

The motion to set aside the verdict for the plaintiff will, therefore, be denied.