In the Matter of the Estate of STANISLAWA SIEMBIDA, Deceased.

Surrogate's Court, Niagara County, December 31, 1931.

*David Diamond*, for the proponent.

*Hunt & Carrie*, for the contestants.

GOLD, S. Stanislawa Siembida, late of the city of Niagara Falls, N. Y., died on the 23d day of December, 1930. A paper purporting to be her last will and testament has been offered for probate in this court.

The petition states that she left her surviving her husband, John W. Siembida, who is named as executor under the will, and four children, Louis, Edward, Chester and Leokadya.

The will bequeaths certain moneys in banks and an insurance policy to decedent's husband, and devises certain real property to him. It devises certain real property to her son Chester. The residuary estate is divided between her husband and her son Chester. The other three children are not mentioned in the will and have filed objections to the probate of the same.

The objections are in the usual form, to wit, that it is not the last will and testament of the decedent; that the execution thereof was not the free, unrestrained and voluntary act of the decedent; that the execution was procured by undue influence, fraud, duress and deceit; and that it is not valid as the last will and testament of decedent and is illegal and void.

A motion has been made for a bill of particulars with reference to the objections and, without discussion, I am denying the same with reference to all, except that part which states, " When, in what manner, where, and by whom the execution of the propounded paper was procured by undue influence, fraud, duress and deceit."

The attorney for the proponent insists that he is entitled to this information prior to trial and relies upon the decision found in *Matter of Ross* (115 Misc. 41; affd., 197 App. Div. 933) and also in *Matter of Brown* (182 N. Y. Supp. 728).

The attorney for the contestants opposes the motion and relies upon the decision in *Matter of Vetter* (95 Misc. 62).

The surrogate in the latter case, in his decision, states: " I am inclined to think that the contestants should not be compelled to give the names of such persons prior to the trial, as the terms of the will usually indicate the particular individuals who are so benefited by its provisions as to create a suspicion in the

minds of those less favored that undue influence was exercised on the testator, and the persons who had facilities for that close and intimate relationship with the testator which would afford them an opportunity for exercising undue influence are invariably well known to the proponent."

In the case at bar the only persons who are benefited if the will is probated are the husband and son Chester. This limits the field of those who might possibly have used undue influence in procuring the execution of the will, if any undue influence was used. Consequently, I can see no reason why a bill of particulars should be granted in this matter.

The motion is, therefore, denied.