In the Matter of the Estate of WESTEL W. FRASER, Deceased.

Surrogate's Court, Oneida County, February 23, 1934.

*Ward J. Cagwin* and *M. J. Larkin*, for the proponents.

*S. E. Spinning* [*D. Francis Searle* of counsel], for the contestants.

EVANS, S. A proceeding is now pending in this court for the probate of an alleged last will and testament of the above-named decedent. Objections were filed by the contestants and a trial by jury demanded. Issues were framed and a date set for trial. Thereafter application was made on the part of the contestants for an adjournment of the trial to a later date on account of the illness of one of the contestants, which motion was granted.

At the time of hearing the motion for an adjournment, counsel for the proponents demanded that the contestants furnish them a bill of particulars concerning one of the issues, to wit: " Was the execution of the said paper by the said Westel W. Fraser caused or procured by fraud, deceit or undue influence of the proponents, or either of them, or any other person or persons? " The proponents contend that the answer filed by the contestants is vague and indefinite, particularly as to the issue of fraud and undue influence. Whatever merit there may or may not be in that assertion at this time, it appears to be of secondary importance, for the reason that we have concrete issues framed before any criticism was raised as to the insufficiency of the answer.

I think that the issues raised by the petition and answer are merged in the framed issues, which appear to be clear and definite. This leads to a consideration whether issue " five," as stated, is

subject to elaboration or explanation by the service of a bill of particulars. The decedent is survived by his widow but no descendants. A sister and niece are his only heirs at law, next of kin and distributees. These last named are the contestants and take $100 each under the alleged will.

With the exception of two other bequests of $100 each and one of $300 to a cemetery association, the residue of the estate, amounting to about $70,000, is left to the widow.

The proponents seek to have incorporated in a bill of particulars information showing the specific act or acts or course of conduct alleged to have constituted and effected the undue influence, the person or persons charged therewith, and the time or times and the places where such acts are claimed to have occurred.

The requirements of pleadings in Surrogate's Court are as follows: "All petitions, answers, and objections shall contain a plain and concise statement of the facts constituting the claim, objection or defense, and a demand for the decree, order, or other relief, to which the party supposes himself to be entitled, and shall be duly verified." (Surr. Ct. Act, § 49.)

Applying the provisions of this section to the precise issue under consideration, it is evident that there is a conflict of authority as to the granting or denial of the relief sought in the case at bar.

The burden of proving undue influence is upon the contestants. (*Matter of Schillinger*, 258 N. Y. 186; *Matter of Kindberg*, 207 id. 220.)

In the absence of unusual circumstances the pleadings in a will contest are practically standardized. The records in this jurisdiction furnish no instance where a bill of particulars was granted as to the issue of fraud and undue influence in the execution of a will.

I can see no valid reason in the case at bar why a precedent should be established. The detailed information sought by the proponents amounts to a disclosure of evidence on which the contestants rely to establish their claim. This remedy has been denied in several cases. (*Smidt* v. *Bailey*, 132 App. Div. 177; *Smith* v. *Anderson*, 126 id. 24; *Hazard* v. *Birdsall*, 61 Hun, 208; *Bennett* v. *Wardell*, 43 id. 452.)

A contrary conclusion was reached in a recent case (*Matter of Mullin*, 143 Misc. 256).

It is apparent that no rigid rule can be applied, but that the circumstances of each case must govern to a certain extent. Where the information sought is peculiarly within the knowledge of the party seeking it, a bill of particulars will not be ordered. (*American Transfer Co.* v. *Borgfeldt & Co.*, 99 App. Div. 470; *Matter of Vetter*, 95 Misc. 62.)

The decedent was an elderly man and spent his life in a farming community. As before stated, he left no children and his widow is the principal beneficiary.

It would seem that no great mystery could surround the life of the decedent, and that his daily acts are naturally more familiar to his widow, who is a proponent here, than to any other person. For the reasons stated the motion is denied, without costs.

Decreed accordingly.