In the Matter of the Estate of LOTTIE C. BRITTON, Deceased.

Surrogate's Court, Monroe County, May 27, 1938.

*Chamberlain, Page & D'Amander*, for the proponent.

*John VanVoorhis Sons*, for the contestant.

FEELY, S. The objections filed to the writing propounded as the last will of this decedent raise the issue as to the mental competency of the decedent and as to the alteration of the alleged will and as to whether the execution thereof was procured by undue influence or fraud. Thereupon the proponent moved for an order that the contestant furnish a bill of particulars in regard to sixteen items.

The first twelve items relate to undue influence and fraud. On these items the proponent has the right to have the contestant's plea particularized, as demanded, without regard to what the contestant argues the proponent already knows, or has reason to suspect to be the fact; for the proponent is entitled to know what the contestant on the trial will claim the fact to be, so as to forestall needless preparation and also surprise. " In furtherance of these objects the courts are quite liberal in requiring a party to furnish his adversary all necessary information to limit the scope of the evidence on the trial and to enable him to know definitely what he intends to claim under his pleading." (*Elman* v. *Ziegfeld*, 200 App. Div. 494, 497.)

Contestant argued also against the fifth and the twelfth items that these called for a disclosure of his witnesses and of his evidence. The fifth item calls for the specific act or acts, or course of conduct, alleged to have constituted undue influence or fraud; and the twelfth item calls for the act or acts alleged by the contestant to constitute trick, fraud, deceit and artifice in procuring the execution of said instrument. These are not so broad as is the third item, which calls for " the nature of the act or acts on which the contestant relies."

The fifth and twelfth items, excepting the word " Specific " in the fifth, are substantially the same as those required by the order of the Appellate Division in the contest that originated in this court on the last will of Mary J. Aldridge (*Matter of Aldridge*, 248 App. Div. 675), and this was in accord with the *Matter of Mullin* (143 Misc. 256). It had also been held that the acts or facts constituting the alleged fraud should be particularized. (*Matter of Swim*, 144 Misc. 206; *Boskowitz* v. *Sulzbacher*, 124 App. Div. 682; *Albert* v. *Hamilton Fire Ins. Co.*, 226 id. 789; *Douthitt* v. *Nassau Fire Ins. Co.*, 115 id. 902.) The later probate cases in the metropolis (*Matter of Martin*, 151 Misc. 93, and *Matter of Meyers*, 158 id. 942) have enlarged the ruling of such like cases as *Matter of Ross* (115 Misc. 41), which implicitly limited the particulars to the names of the parties charged, and *Matter of Lippman* (242 App. Div. 628), which slightly enlarged the ruling of the *Ross* case; but in that enlargement they have not gone so far as the *Mullin* case or the *Aldridge* case, but take the middle course of requiring the acts to be stated " in general terms," so as to avoid the other extreme of forcing a disclosure of evidence. The reason given in the earlier cases, such as *Matter of Vetter* (95 Misc. 62), for not requiring the names to be given, was that the beneficiaries under the will might well be suspected; and this view is taken also in *Matter of Siembida* (142 Misc. 394). While this ruling seeks to find some support in the peculiar circumstances of those cases, it does not meet the general requirement that the pleader state what he will claim on the trial, under his plea, the fact to have been.

It also has been held that to require the acts and circumstances of the alleged fraud or undue influence to be stated would be to force a disclosure of evidence. (*Matter of Fraser*, 150 Misc. 588; *Smidt* v. *Bailey*, 132 App. Div. 177.) " That such is not the office of a bill of particulars it is unnecessary to argue." (*Morrill* v. *Kazis*, 8 App. Div. 304, 306.)

In that connection it is apparent that the word " evidence " and the word " witnesses " also is used so generally as to be ambiguous. In the *Aldridge* case the argument was made unsuccessfully

that the ruling called for a revelation of " evidence " and for the names of the " witnesses." In contested probate cases the " witnesses " can only be the persons intended to be charged in the plea with fraud (See *Sundheimer* v. *Barron & Co.*, 62 Misc. 263; *Matter of Ross*, 115 id. 41); and this alone would make them parties to the proceeding, subject, for example, to examination before trial, where a non-party witness would not be. In the case of *Sundheimer* v. *Barron & Co.* the court said that while the name of a witness as such may not be required to be disclosed, the name of the individual with whom it is claimed that the transaction, which is one of the issues in the case, was had, may be required to be specified in a proper case, though it may be the intention of the opposite party to prove the fact by such individual as a witness.

The rule is also clear that a plea is bad which charges either fraud or undue influence, in general terms, unsupported by pleaded facts. It has also been held that a bill of particulars should be classed as a pleading. (*Thoma* v. *Koeppen*, 136 Misc. 346.) It is also clear that in respect to pleas generally, or to the amplification of them by a bill of particulars, the " ultimate facts " must be stated, as distinct from the " evidentiary " ones. It is in this latter sense, of proofs or testimony, that the objection is to be understood which resists being forced to disclose " evidence " under the guise of a bill of particulars. The rule, however, as to the former is not relaxed by reason of the practical difficulty of drawing the line between the two classes, even in such intricate, secret and multifarious maneuvers as usually constitute fraud or undue influence; because a charge of such consequence must have some foundation beyond mere suspicion or surmise. For this reason the court, in *Liscomb* v. *Agate* (51 Hun, 288), noted the propriety and justice, on general principles, of requiring a pleader to state the instances of fraud practiced by his opponent, as claimed broadly in the plea, which should not have been made except upon reliable information as to their occurrence.

The metropolitan ruling, as laid down in the *Martin* case and repeated in the *Meyers* case, therefore, has the controlling merit of holding to a middle course between a bald plea and a disclosure of proofs or testimony, or the " evidentiary " facts. It appears to call rather for the " ultimate facts," by requiring the one who pleads fraud to amplify his plea by thus particularizing, " in general terms," the acts, course of conduct, false statements, suppressions of facts and misrepresentations alleged to have been used either in the fraud or in the practice of undue influence upon the decedent. In the local *Aldridge* case the Appellate Division did substantially

the same thing when it added two items, the ninth and the tenth, to the bill of particulars required therein, to wit:

9. The facts and circumstances showing the alleged fraud, with a statement of their fraudulent purpose or purposes; and

10. The acts, false statements and misrepresentations claimed to have been used in the fraud and in the practice of undue influence upon the decedent.

In so doing the higher court did not use the word " specific " that appears in the demand in the case now in hand. This word cannot now be taken to mean anything more than that the pleader must particularize or specify the " ultimate " facts, " in general terms," as distinct from the " evidentiary " facts, which are proofs and testimony. With that restriction, the proponent herein is entitled to an order that the contestant comply with the first twelve items in the demand for a bill of particulars.

Items 13 and 14 relate to the alleged mental unsoundness of the decedent. On this subject the proponent has both the affirmative and the risk of balanced probabilities; and for that reason is not entitled to the particulars demanded.

Item No. 15 relates to the manner of the execution of the will. As to this, also, the proponent has both burdens, and is not entitled to the particularization demanded.

Item No. 16 relates to an alleged material alteration made in the propounded writing after it had been executed by the decedent. The writing is on a stationer's printed blank form carrying, in its testimonium clause, the words " in the year one thousand nine hundred and." Immediately after this phrase, the blank was filled in with a typewriter so as to read " thirty-five," and in this phrase the word " five " has been canceled with an ink line running horizontally through it. Directly above this canceled word there had been lettered in with pen and ink the word " eight." In the attestation clause, in the same ink and handwriting, appears the date February 8, 1938. In cases of this sort it is clear the proponent has the burden (See *Falvo* v. *Provenga*, 133 Misc. 644) of showing the alteration was made in such circumstances that it does not affect her right to have the writing probated as the last will of this decedent. This being a part of her own case, she is not entitled to have the particulars she demands in this respect.

On notice, or appearance of counsel, submit for signature and entry an order in accord with this decision.