In the Matter of the Accounting of EDWARD Z. CARR et al., as Coexecutors of JOHN T. BISHOP, Deceased.

Surrogate's Court, Kings County, April 30, 1951.

*John E. Gruning* for Paul E. Lord and another, objectants.

*J. Courtney McGroarty* for coexecutors, petitioners.

RUBENSTEIN, S. The objectants' motion to vacate or modify certain items of the demand for a bill of particulars is disposed of as follows:

Item 1 (a) is modified. In lieu of the information demanded, the objectants will be directed to give the date of commencement of the services and the date on which they ended and the time devoted thereto within such period of time.

Items 1 (c) and 5 (c) are modified to the extent that the objectants will be required to furnish a fair description of each of the documents prepared by them, the dates thereof and whether one or more than one of them relates to a given transaction in which they have rendered services and the approximate number of letters written and received by them during the course of their services. Service of copies of all letters, docu-

ments or agreements constituting all or part of any transaction constitutes furnishing of evidence which is beyond the scope of a bill of particulars. (See *Jewelers' Mercantile Agency* v. *Jewelers' Weekly Pub. Co.,* 66 Hun 38; *Mertz* v. *de Landa,* 260 App. Div. 1034, and *Smidt* v. *Bailey,* 132 App. Div. 177.) The court directs the attention of the attorneys to rule XIII of this court, pursuant to which it may, in a proper case among other things, place the cause at the foot of the calendar, or otherwise postpone the trial, in order that all papers intended for use on the trial (except as therein provided) may be submitted to opposing counsel for inspection, if upon the trial such paper is offered in evidence without having previously been submitted to opposing counsel.

Failure to submit such papers, where a number of them may be used to establish rendition of professional services, could cause much delay in the course of the trial to the great inconvenience and expense of litigants. As was said in *Dorros, Inc.,* v. *Dorros Bros.* (274 App. Div. 11, 13): "As the trial should be an open meeting on the merits, both sides should have a fair opportunity, in advance of trial, to garner evidence."

Modification of Item 4 is denied. The fiduciary relationship existing between the attorneys and the decedent, or the executors, requires that the attorneys furnish the information sought under Item 4.

Item 5 (a) is modified to the extent that the objectants will be required to furnish only the date of commencement of such services, the date on which they terminated and the time devoted to complete the transaction for which compensation is sought.

The objectants have consented to give the information demanded in Item 2 (a), (b) and (c) and Items 6 and 7 and petitioners have withdrawn Items 3 and 8.

The motion to modify or vacate is in all other respects denied. Submit order, on notice, accordingly.