Desmond, J. (dissenting in part).
I dissent from so much of this decision as allows appellant executor to replead the objection that decedent “ did not act voluntarily and of her own free will, but rather as the result of unreasonable pressure, possibly constituting duress, exerted either by Virginia A. Luginbuhl, now Virginia A. Carter, a party to this proceeding, or by other persons whose names are at present unknown to objectant.” Such language raised no issue and was meaningless as a pleading (see Kamenitsky v. Corcoran, 177 App. Div. 605; Liscomb v. Agate, 51 Hun 288; Prouty v. Nichols, 282 App. Div. 962; Gerdes v. Reynolds, 281 N. Y. 180; Kalmanash v. Smith, 291 N. Y. 142; Radich v. Hutchins, 95 U. S. 210). Thus, it was insufficient to put the other parties to the trouble and expense of a trial. And I see no reason why, three and a half years after this proceeding was commenced, we should *346 allow this executor to start all over again. There must be some sort of public policy forbidding an executor making such charges without adequate reason and attempting to set aside a reasonable and deliberate act of his own testatrix.