.      LAIRD v. CARTON et al.

(Supreme Court, Appellate Division, First Department. May 7, 1909.)

EXEMPTION (§ 8*)—AGAINST SALARY—STATUTE.

Laws 1908, p. 433, c. 148, amending Code Civ. Proc. § 1391, so as to permit in any case of an order for execution against 10 per cent. of the judgment debtor's salary, whereas previously the judgment must have been for certain necessaries, not being retroactive, it is error to grant such an order on a judgment previously rendered; it not appearing it was recovered for such a necessary.     .

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 8; Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Action by Fannie S. Laird, administratrix of Richard R. Laird, deceased, against Andrew B. Carton and others. From an order allowing an execution to issue to collect 10 per cent. of the salary of defendant Carton, he appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

I. Gainsburg, for appellant.
Jabish Holmes, for respondent.

INGRAHAM, J.  The plaintiff recovered a judgment against the defendant Andrew B. Carton, which was entered and docketed in the office of the clerk of the county of New York on the 29th of April, 1908, for $559.25.  Execution having been issued upon this judgment and returned unsatisfied, the plaintiff on January 28, 1909, obtained an ex parte order allowing an execution to issue against the salary due or to grow due to the judgment debtor from his employer of 10 per cent. of such salary.  Such application was granted under the provisions of section 1391 of the Code of Civil Procedure, as amended by chapter 148, p. 433, of the Laws of 1908, which went into effect on September 1, 1908.

.  By this section of the Code, as it existed prior to the amendment which went into effect on September 1, 1908, such an order could be granted only where the judgment sought to be enforced had been recovered wholly for necessaries sold or work performed in the family as a domestic, or for services rendered for salary owing to an employé of the judgment debtor.  As it does not appear in this proceeding that the judgment was recovered for one of the causes of action specified in the section as it existed prior to September 1, 1908, the judgment creditor was not entitled to such an order.  Kelly, Adm'x, v. Mulcahy, 116 N. Y. Supp. 61, decided in this court on the 8th of April, 1909, but not yet officially reported.  As this case appears to come within the principle there decided, the plaintiff was not entitled to this order;  the amendment of 1908 having no retroactive effect, and applying only to judgments obtained after the amendment took effect.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes