GARVEY v. LARNEY.

(Supreme Court, Special Term, New York County.   July, 1909.)

EXEMPTIONS (§ 78*)—AGAINST SALARY—STATUTE.

   Under Code Civ. Proc. § 1391, providing, before it was amended by Laws
   1908, c. 148, that the judgment sought to be enforced by an execution
   against 10 per cent. of wages or salary should have been recovered for
   necessaries, or for work or services, and that such fact must appear by
   affidavits or otherwise, where the order directing an execution failed to
   recite that the judge was satisfied of the facts necessary to bring the case
   within the statute, and the papers on which the order purported to be
   made contained no evidence on the point, the order would be vacated.
   · [Ed. Note.—For other cases, see Exemptions, Dec. Dig. § 78.*]

   Action by one Garvey against one Larney.   Motion by defendant to
set aside an order directing the issuance of an execution.   Granted.

   Owen W. Bohan, for the motion.
   Isaac V. Schavrien, opposed.

   GIEGERICH, J.   On November 7, 1907, the plaintiff obtained a
judgment against the defendant in the Municipal Court for the price
of certain furniture previously sold and delivered to the defendant.
The judgment was thereafter duly docketed in the office of the clerk
of the county of New York, and an execution issued thereon was re-
turned by the sheriff of said county wholly unsatisfied.   On October
1, 1908, the plaintiff procured an ex parte order from one of the jus-
tices of this court, directing the issuance of an execution against 10
per cent. of the salary of the defendant, who was and is the secretary
of the fire department of the city of New York.   Such an execution
was thereafter issued and was served upon the comptroller.   The de-
fendant now moves to vacate the order under which the execution was
issued.
   Before the amendment of section 1391 of the Code of Civil Pro-
cedure, effected by chapter 148 of the Laws of 1908, it was essential
that the judgment sought to be enforcd by an execution against wages
or salary should have been recovered for necessaries or for work or
services, and that such fact should be made to appear, by affidavit or
otherwise, to the satisfaction of the judge granting the order.   Laird
v. Carton, 132 App. Div. 176, 116 N. Y. Supp. 851.   In the present
case the only papers recited in the order were certain affidavits, and
an examination of those affidavits shows that no attempt was made
to bring the case within the class mentioned in section 1391 of the
Code as it stood before the recent amendment. Not only does the or-
der itself fail to recite that the judge was in any manner satisfied of
the facts necessary to bring the case within the provisions of the
statute, but the papers upon which alone the order purports to have
been made contain nothing in the way of evidence upon the point.   ·
   It has been held that the amendment of 1908 does not affect or ap-
ply to judgments rendered before the amendment went into effect
(Kelly v. Mulcahy, 131 App. Div. 639, 116 N. Y. Supp. 61; Laird v.

Carton, supra); and, as the facts before the judge who made the order were not sufficient to sustain it under the statute as it was when the judgment was rendered, the order must be vacated, but without costs.