## Matter of the Estate of FRANCIS H. ROSS, Deceased.

(Surrogate's Court, New York County, March, 1921.)

Bill of particulars — when will be ordered to be furnished to proponent of a will — Surrogate's Court — Code Civ. Pro. § 531.

Objection to the factum of the will and allegations of lack of testamentary capacity being practically a general denial of what proponent must prove to establish the will, such denial is not a "claim" under section 531 of the Code of Civil Pro-

Surrogate's Court, New York City, March, 1921. [Vol. 115.

cedure, and does not warrant an order that contestants furnish a bill of particulars.

But where allegations of fraud and undue influence are sufficient to require contestants to furnish the name or names of those charged with exercising fraud or undue influence upon the testator or to state lack of knowledge in that respect, a bill of particulars will be ordered to be furnished to proponent, particularly where he swears that he has endeavored to obtain such information, and the will does not indicate with certainty who would be likely to exercise any fraud or undue influence.

APPLICATION in a probate proceeding requiring contestants to deliver a bill of particulars.

Hugo Wintner, for proponents.

Thomas J. O'Neill, for contestant.

COHALAN, S. This is an application to require the contestants in a probate proceeding to deliver a bill of particulars. The Code (§ 531) provides that the court may direct the delivery of a bill of particulars of the " claim " of either party. The word " claim " as used in this section has been defined in the case of a defendant to be " whatever is set up by him as a reason why the action may not be maintained against him. The claim of the defendant is that ground of fact which he alleges in his answer as the reason why judgment should not go against him. His claim, in the case, is the position he takes in his pleading, based upon the facts he sets up, and the law applied thereto, why he should go without day." *Dwight* v. *Germania Life Insurance Co.*, 84 N. Y. 493, 504.

The first two objections to the factum of the will and the third objection alleging lack of testamentary capacity are practically a general denial of what the proponent must prove to establish the will. They merely assert a negative and do not set up any facts.

Such a denial is not a " claim " under section 531 of the Code of Civil Procedure, and does not warrant the ordering of a bill of particulars. The proponent knows what he has to prove to show due execution and he knows or ought to know just what proof he will be able to offer in that regard. If there is any doubt about the sufficiency of such proof, the proponent knows it or ought to know it, and to require a bill of such objections would serve no useful purpose.

On the issue of fraud and undue influence the contestants have the affirmative and the burden of proof. The pleading might of course be amplified by an application to make it more definite and certain, but I think the allegations of the fourth and fifth objections are sufficient to require the contestants to furnish the name or names of the person or persons charged with fraud or undue influence, or to state lack of knowledge in that respect. This is not compelling the contestants to furnish their evidence as in the case of *Smidt* v. *Bailey,* 132 App. Div. 176, where the complaint stated the name of the person charged with practicing the fraud and undue influence, and in which the court denied a bill as to all other items. Restricting the bill as above accords with the few decisions on the subject. *Matter of Halloran,* N. Y. L. J., April 29, 1916; *Matter of Cramer,* Id., Nov. 14, 1916; *Matter of Brown,* Id., Dec. 20, 1919; *Matter of Emmons,* Id., Jan. 8, 1920. In this case the proponent swears that he has endeavored to obtain this information and the will itself does not indicate with any degree of certainty who would be likely to exercise any fraud or undue influence. Application granted in part as indicated.

Application granted in part.