In the Matter of the Estate of ELIZABETH MEYERS, Deceased.

Surrogate's Court, New York County, April 7, 1936.

*Eisman, Lee, Corn & Lewine* [*Joseph J. Corn* of counsel], for the proponent, Sedgwick A. Clark.

*Daniel A. Shirk,* for Clarence W. Meyers, distributee, in opposition to motion for bill of particulars.

*Henry W. Sykes,* for Florence B. Sykes, daughter of deceased, in opposition to motion for bill of particulars.

FOLEY, S. The motion of the proponent for a bill of particulars is granted to the following extent, and the contestant will be required to furnish a verified bill containing the following items:

(1) The place or places where and the time or times when the acts alleged to constitute undue influence or fraud took place.

(2) In general terms the acts, course of conduct, false statements, suppressions of facts and misrepresentations alleged to have been used (a) in the fraud, or (b) in the practice of undue influence upon the decedent.

These particulars will be required to be stated separately as to the three persons charged by the contestant with undue influence and fraud, Elizabeth M. Cuff, Sedgwick A. Clark and Dr. Robert J. Mitchell.

The demand in the order to show cause for similar items as to the issues of alleged coercion and duress exercised upon the decedent is denied. The issues of coercion and duress have been eliminated by the surrogate as separate questions in the proposed order framing issues to be submitted to the jury. (*Matter of Meyers,* N. Y. L. J. April 7, 1936, p. 1757.) Coercion and duress are elements of undue influence and the items of the bill of particulars heretofore

directed to be given on the issue of undue influence will suffice to cover the subordinate questions of coercion and duress.

Some misunderstanding has existed in the decisions and certain text books on the practice and procedure in the Surrogate's Court, to the effect that *Matter of Ross* (115 Misc. 41), dealing with the form of a bill of particulars in a will contest, had been affirmed by the Appellate Division, First Department (197 App. Div. 933). An examination of the record shows that the order affirmed in the latter decision was not the order for a bill of particulars. It does appear, however, from the decision in *Matter of Ross* that the earlier case of *Smidt* v. *Bailey* (132 App. Div. 177), cited in support of the determination of the surrogate, limited the scope of the bill of particulars on the issue of fraud and undue influence.

The question, however, of the affirmance of *Matter of Ross* is unimportant here because of the very recent decision of the Appellate Division, First Department, upon the form of a bill of particulars in probate contests. (*Matter of Lippman*, 242 App. Div. 628.) The attention of counsel for the proponent and contestant apparently was not called to that decision. The demand for the particulars set forth in paragraphs (1) and (2) stated above was approved although by a divided court of three justices to two. The scope of the bill of particulars ordered in *Matter of Ross* (*supra*) was slightly enlarged in the *Lippman* case.

To the particulars required in the direction numbered (1) and (2) above, there is added in the ordinary case a third requirement — the names and addresses of each and every person claimed to have exercised undue influence or fraud upon the testator in the execution of the will offered for probate. In the pending case these particulars are unnecessary because the objections set forth this specific information.

The bill of particulars will be directed to be served and filed within five days after the examination before trial of the proponent is completed. The decision of the Appellate Division, First Department, in *Zecchini* v. *Mayer* (195 App. Div. 423), which held that in an action brought for services rendered, a bill of particulars should be served prior to the examination before trial, has no application to the sequence of examination and bill in a probate contest. The Appellate Division undoubtedly recognized the distinction between the issues in such an action and the issues in a contested probate proceeding in its decision in the *Lippman Case* (*supra*), for it specifically directed that the bill be furnished only after the examination before trial had been completed. My own observation, over a period of years, of the procedure preliminary to the actual trial of a probate contest has demonstrated the

advantage of this practice. Undue influence in most cases is extremely difficult of direct proof of pressure upon the testamentary act. The determination of that question usually involves the consideration of circumstantial evidence. If any undue influence were employed, proof of it would be likely to be developed upon the examination of the proponent, or other adverse party, before trial. The contestant should not be required to furnish the items of the bill until he has obtained some knowledge or information of the particulars upon which he bases his claim of undue influence as developed upon the examination. It should be noted also that in the *Lippman Case* (*supra*), while the court divided upon the scope of the specific items of the bill of particulars, it was unanimous upon the sequence of examination first and bill of particulars last.

Submit order on notice accordingly.