PEARL I. JOHNSTONE, Respondent, v. GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant.— Judgment reversed on the law and complaint dismissed, with costs in all courts. (See *Eaton* v. *Great Atlantic & Pacific Tea Co.*, 231 App. Div. 876; *Cook* v. *Great Atlantic & Pacific Tea Co.*, 244 id. 63; affd., 268 N. Y. 599.) All concur. (The judgment of the Supreme Court affirmed a Buffalo City Court judgment for damages for personal injuries caused by slipping on store floor.) Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ.

ORRIN L. STOUT, as President, and JOHN L. SHAW, as Treasurer, Suing as Officers and in Behalf of the International Hod Carriers, Building and Common Laborers Union of America, Local Union No. 435, Appellants, v. ROCHESTER TRUST AND SAFE DEPOSIT COMPANY, Respondent.— Order modified by reducing the allowance of costs to the defendant to ten dollars, and as modified affirmed, without costs. (See Civ. Prac. Act, § 1505.) All concur. (The order grants substitution of party defendant in an action to recover upon a certified check.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

In the Matter of the Probate of the Alleged Last Will and Testament of MARY J. ALDRIDGE, Deceased.— Order modified and as modified affirmed, without costs. All concur. (The order denies a motion for a bill of particulars in a proceeding to probate a will.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

ANNA L. SEIER, Respondent, v. MARIAN CREAMERY CORPORATION, Appellant. — Judgment affirmed, with costs. All concur. (The judgment affirms a Buffalo City Court judgment for damages for injuries caused by falling over a gas pipe in a store.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

HENRY WARNOCK, Appellant, v. CITY OF ROCHESTER and Others, Respondents. — Orders affirmed, with ten dollars costs and disbursements. All concur. (The first order denies motion for a temporary injunction in a taxpayer's action to restrain awarding a contract. The second order makes defendant Gresens a party in the action.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

EDWARD CRIMENS, Appellant, v. FLORENCE CRIMENS, Respondent.— Judgment affirmed, with costs. Memorandum: Plaintiff brought this action in equity, and, from the whole record, the equities are not in his favor. Moreover, an accounting is not the proper remedy to recover one's share in a bank account owned by two people as joint tenants. (*Niehaus* v. *Niehaus*, 141 App. Div. 251.) Plaintiff is not entitled to an accounting for the profits of the lunch car operations because there is ample evidence to sustain the referee's finding that the lunch car business was, with plaintiff's acquiescence and consent, defendant's sole individual venture. All concur. (The judgment is for defendant in an action to compel accounting for withdrawal from joint bank account.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

In the Matter of the Judicial Settlement of the Accounts of MINNIE CLIFFORD and Another, as Executors of the Estate of MINNIE HASSELMAN, Deceased.— Decree reversed on the law and facts in the exercise of discretion, without costs, and matter remitted to the Surrogate's Court for a new trial on the ground that the decision of the former surrogate is so obscure and indefinite that no proper decree can be entered thereon. All concur. (The decree adjudges the amount unpaid on a legacy and directs the payment thereof upon the executors' accounting.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.