In the Matter of the Petition of EDWARD L. BARTLEY to Render and Settle His Account as Administrator of WILLIAM S. BARTLEY, Deceased. EDWARD L. BARTLEY, as Administrator, etc., of WILLIAM S. BARTLEY, Deceased, Appellant; JOHN T. BARTLEY, JAMES A. BARTLEY, ROSE A. HAYES and WILLIAM J. BARTLEY, Respondents.— Decree of the Surrogate's Court of Kings county charging the administrator on his accounting with the sum of $327,815.17 unanimously affirmed, so far as an appeal is taken therefrom, with costs to the respondents, payable by the appellant personally. No opinion. Present — Hagarty, Carswell, Davis, Johnston and Adel, JJ.

In the Matter of the Probate of the Last Will and Testament, and Codicil Thereto, of JOHN W. CARPENTER, Deceased. LEWIS E. CARPENTER and RUSSEL C. CARPENTER, as Executors, etc., of JOHN W. CARPENTER, Deceased, Respondents; OLIVER LEROY CARPENTER and JAY L. SMITH, Appellants.— In a proceeding for the probate of a will, the contestants appeal from an order of the Surrogate's Court of Orange county granting proponents' motion to modify a notice of examination before trial and to require contestants to serve a bill of particulars, and denying contestants' motion for leave to serve an amended answer. Order modified so as to provide that contestants' motion to serve an amended answer be granted, and by striking out items (b) and (c) of subdivision 1 in the order and denying the motion to modify in those respects. As so modified, the order is affirmed, without costs; the amended answer to be served within ten days from the entry of the order hereon; the examination to proceed as indicated in the order; the bill of particulars to be served ten days after the examination is concluded. The bill of particulars was properly required. (*Matter of Wetterau*, 245 App. Div. 822.) The general rule is that pleading and proof of facts subsequent to the execution of a will are inadmissible on the charge that the instrument is the product of undue influence and fraud. Here, however, the charge is beyond the usual scope. It is claimed that the execution of the will, the execution of power of attorney seven days later, the stripping of the decedent of certain property between the date of the execution of the will and his death, were part and parcel of a general fraudulent plan or scheme and the exercise of undue influence. In a given situation, particularly on an issue of actual fraud, no facts tending to prove such fraud are irrelevant if they reasonably bear upon that issue. It may be, therefore, that this is such a case. Whether or not it is cannot be determined with finality until the trial of the action. It may then appear that the situation is without the general rule. (*Matter of Van Ness*, 78 Misc. 592, 597; *Haight* v. *Haight*, 112 N. Y. Supp. 144; *Matter of Price*, 204 App. Div. 252.) Hence service of the proposed amended answer should have been permitted and the notice of the examination should not have been limited so as to prevent the adducing of proof of a character as broad as the allegations of that answer. Hagarty, Carswell, Davis, Johnston and Adel, JJ., concur.