In the Matter of the Estate of BERNARD E. VAN RIPER, Deceased.

Surrogate's Court, Kings County, May 8, 1939.

*Herbert O. Burden,* for the petitioner, for the motion.
*Emanuel Wolf Staft,* for the contestant, in opposition.

WINGATE, S. The prolonged absence of controversy in this court respecting the extent of the particularization properly requirable from a probate contestant who asserts the invalidity of the propounded document on the grounds of fraud or undue influence had encouraged this court in the hope that litigants had come to understand that the principles in this regard enunciated in *Matter of Mullin* (143 Misc. 256) had become the accepted law of this department.

Based on *Matter of Martin* (151 Misc. 93), *Matter of Meyers* (158 id. 942), *Matter of Frank* (6 N. Y. Supp. [2d] 565, not otherwise reported) and *Matter of Gordon* (Id. 569, not otherwise reported), the contestants in the present proceeding have pressed the contention that they may not be required to state the basic facts, as distinguished from complete or partial conclusions, upon which they rely in their effort to defeat the probate of the will.

The distinction between the *Mullin* rule and that applied in *Matter of Martin* is that in the former the contestant is required to state " the specific act or acts or course of conduct alleged to have constituted and effected such undue influence " and " the particular false statements, suppressions of fact, misrepresentations, or other fraudulent acts alleged to have been practiced upon the decedent " which are claimed to have amounted to the asserted fraud.

Under the *Martin* rule all that may be required of the contestant is that he " set forth in general terms the acts, course of conduct, false statements, suppressions of fact and misrepresentations alleged to have been used in the fraud and in the practice of undue influence upon decedent."

In a word, the *Mullin* requirement compels the pleading of the basic essential facts from which a legal inference of undue influence or fraud is asserted to flow, whereas the *Martin* rule permits a more or less considerable degree of latitude in purely conclusory allegation.

It is to be recalled that the courts for years were plagued by the now admittedly discredited limitations upon particularization in probate contests enunciated in *Matter of Ross* (115 Misc. 41), which was followed on the erroneous assumption that its result had been affirmed by the Appellate Division of the First Department (197 App. Div. 933), when in reality, as is now admitted (*Matter of Meyers*, 158 Misc. 942, 944), its holding had never received appellate scrutiny.

It is urged that authority for rejection of the *Mullin* principles is found in *Matter of Lippman* (242 App. Div. 628), which was a memorandum affirmance of an unreported decision. An examination of the case and points on the appeal in that case discloses,

however, that the decision is not an authority in point in favor of the *Martin* as against the *Mullin* rule. The surrogate in the *Lippman* case required a bill of particulars in accordance with *Matter of Martin*. The appeal was by the contestant who, in effect, argued for the application of the discredited *Ross* rule, asserting that enforcement of the *Martin* rule required him to supply *too much* information. As against this contention, and this only, the Appellate Division affirmed the order.

Every one now admits that the proponent is entitled to receive *at least* the particulars which the *Martin* rule accords. The decision thus invoked is no authority, however, for the position that he is entitled to no *more* than it authorizes, which is the only point in question in the comparative evaluation of the *Mullin* and *Martin* rules.

There are, however, three direct appellate determinations to the effect that the proponent *is* entitled to the additional particularization which is required under the *Mullin* rule and which is denied in *Matter of Martin*. All three of these appellate determinations adopt and apply the principles stated in the *Mullin* case. Chronologically enumerated, they are *Matter of Wetterau* (245 App. Div. 822, 2d Dept.), *Matter of Aldridge* (248 id. 675, 4th Dept.) and *Matter of Carpenter* (252 id. 885, 2d Dept.). All are memorandum opinions, but in the first and last named the Appellate Division for the Second Department has observed its customary helpful practice of indicating the basis of its decision.

*Matter of Wetterau* was an appeal by contestants from an order of the surrogate of Dutchess county, who had directed, among other things, that the contestants furnish a bill of particulars " in respect to the allegations of fraud, whether such fraud consisted of particular false statements, suppressions of fact, misrepresentations or other fraudulent acts practiced upon the decedent and if so the nature thereof, giving the place or places where these events are claimed to have occurred and the specific person or persons who perpetuated them." (Case on appeal, p. 5.)

As disclosed by the points of counsel, the entire controversy litigated concerned the propriety of the requirements of particularization as stated in the *Mullin* case, the appellant saying (Appellant's points, p. 5): " The respondents in the lower court relied upon *Matter of Mullin* (*supra*) and indeed adopted the phraseology in their demand in the notice from the reported opinion of Surrogate WINGATE." They thereupon argued that this was incorrect and that the correct rule was stated in *Matter of Ross* (p. 6). The entire brief of the respondents was predicated on an assertion of the correctness of the *Mullin* rule.

The unanimous opinion of the Appellate Division in the decision of this simple, clear-cut issue reads (*Matter of Wetterau*, 245 App. Div. 822): " Order of the Surrogate's Court of Dutchess county in so far as it granted proponent's motion for a bill of particulars from the contestants in respect of allegations of fraud asserted by them affirmed, with ten dollars costs and disbursements (*Matter of Mullin*, 143 Misc. 256); the particulars to be served within five days from the entry of the order herein. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur."

In *Matter of Aldridge* (248 App. Div. 675) the learned surrogate of Monroe county entered an order granting a bill of particulars substantially in conformity with the *Martin* rule (Case on appeal, p. 9), but expressly refused to direct particularization in respect of the following demanded items: " 3rd. The specific act or acts or course of conduct alleged to have constituted undue influence or fraud. 4th. The acts, course of conduct, false statements, suppositions of fact and misrepresentations alleged to have been used in the fraud and in the practice of undue influence upon decedent. 5th. The act or acts alleged by the contestant to constitute trick, fraud, deceit and artifice in procuring the execution of said will." (Case on appeal, pp. 10, 11.)

The proponent appealed from so much of the order as denied this specific particularization. (Recond on appeal, p. 6.) His first and main point (Appellant's points, p. 3) was that " In denying this motion, Surrogate FEELY, in his decision, refused to follow the rule of *Matter of Mullin* (143 Misc. 256)." The respondent, on the other hand, relied on the fact that the order conformed to the statement of the rule in *Matter of Martin* (151 Misc. 93) as demonstrating its propriety (Respondent's points, p. 10).

The unanimous decision of the Appellate Division, consisting of SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ. (*Matter of Aldridge*, 248 App. Div. 675), modified the order of the surrogate in so far as it denied these particulars, thus again vindicating the propriety of the *Mullin* rule (*Matter of Britton*, 167 Misc. 747, 748), this time when opposed by the *Martin* rule.

The final, and perhaps the most impressive vindication of the *Mullin* rule occurred in the comparatively recent case of *Matter of Carpenter* (252 App. Div. 885), which was an appeal from the surrogate of Orange county. In that case the answer resisted probate because of asserted " fraud and undue influence practiced upon the decedent " by three named individuals. Particularization was demanded and granted as to each of the persons accused of the undue influence and fraud in the following terms (Case on appeal, pp. 45–49 and 8–13):

" 1. State the exact and specific act or acts, deed or deeds, course or courses of conduct on the part of Lewis E. Carpenter, individually, which constitute and by which he effected the undue influence alleged in paragraph ' 1 ' of the answer herein to have been practiced by said Lewis E. Carpenter on the above-named decedent, on his own behalf and for the benefit of Anna Moore and the issue of William A. Wehner, deceased.

" 2. State the exact and specific time or times, place or places when and where such act or acts, deed or deeds, course or courses of conduct on the part of said Lewis E. Carpenter, individually, transpired and took place and were accomplished."

Paragraphs 4 to 6, inclusive, repeat *in hæc verba* the language of 1 and 2 except for the respective substitutions of the names of the other individuals alleged to have exercised the undue influence. The order then continued:

" 7. State the exact and specific false statements, suppressions of fact, misrepresentations and all other fraudulent acts, deeds and courses of conduct on the part of said Lewis E. Carpenter, individually, which constitute and by which he effected the fraud alleged in paragraph ' 1 ' of the answer herein to have been practiced by said Lewis E. Carpenter, individually, on said decedent.

" 8. State the exact and specific time or times, and place or places, when and where such false statements, suppressions of fact, misrepresentations and other fraudulent acts and deeds and courses of conduct on the part of said Lewis E. Carpenter were made and took place and the person or persons to whom it is claimed by contestants that the same were made and if in writing set forth a complete, full and true copy thereof and if oral the substance thereof."

Paragraphs 9 to 12 of the order contain language identical with those of 7 and 8 with the exception that the names of the other two accused persons are inserted.

Paragraphs 13 and 14 correspond with 5 and 6 and 15 and 16 with 7 and 8 except for the inclusion therein of all these names and the substitution of the words " in concert " for " individually."

The order then concludes in this aspect with the following:

" 17. State whether any of the above-mentioned acts, deeds or courses of conduct on the part of said Lewis E. Carpenter, William A. Wehner and Mrs. Lewis E. Carpenter, or either of them were accompanied by any act or threat of physical violence or mistreatment of the decedent and if so the exact times and places and the nature of such acts of or threats of physical violence or mistreatment."

The notice of appeal directly raised the propriety of the extent of the particularization thus required.

The opinion of Surrogate TAYLOR in granting this order was primarily predicated on the *Mullin* decision, on another, unreported, decision of this court applying the *Mullin* rules and on the Appellate Division decision in the *Wetterau* case, hereinbefore discussed.

The brief of the appellant, admitting that the order complied with the principles stated in the *Mullin* case, expressly attacked that decision on the authority of *Matter of Martin* (159 Misc. 93) and of *Matter of McAvish* (N. Y. L. J. Nov. 18, 1936, p. 1737), an unreported opinion to the same effect.

His direct prayer to the court is found at page 14 of his brief and reads: " In view of this conflict in rulings of various surrogates, this court should now give careful consideration to the subject. We claim that the better rule to be followed is that stated by Surrogate DELEHANTY and ask that this court establish such rule."

The position of the proponents-respondents is summarized at page 21 of their brief, as follows: " We believe in view of the *Mullin* case and its citation with approval in *Matter of Wetterau* that the demand for a bill of particulars in the present case is in accord with the established law and that the decision of the surrogate in the court below in ordering the delivery of such a bill of particulars should be affirmed."

The response of the Appellate Division to the appeal for a definite establishment of the applicable rule in such a situation while terse, was unanimous and wholly unequivocal. It read (252 App. Div. 885): " The bill of particulars was properly required. (*Matter of Wetterau*, 245 App. Div. 822.) "

To summarize the results of the only appellate rulings on the question under discussion: *Matter of Lippman* (242 App. Div. 628) destroys the last remaining vestige of the ancient myth of the authority of *Matter of Ross* (115 Misc. 41). It, however, does no more than to determine that particularization in excess of that permitted in *Matter of Ross* is demandable, leaving wholly untouched the question of the *quantum* of such excess except to hold that the amount thereof permitted under *Matter of Martin* is not too much.

In *Matter of Wetterau* (245 App. Div. 822) the court expressly held that particularization to the extent permitted by the *Mullin* rule was a right of the proponent and affirmed an order which had applied the *Mullin* rule, on the authority of the *Mullin* case itself.

In *Matter of Aldridge* (248 App. Div. 675) and *Matter of Carpenter* (252 id. 885) the sole issue here pertinent, which was litigated, was the *comparative* correctness of the *Mullin* and *Martin* rules. In the former, the court reversed the ruling of the surrogate, discarded the rule of *Matter of Martin* and applied the *Mullin* rule. In the latter the court denied the prayer of counsel for a vindication

of the *Martin* rule and affirmed the order which had applied the *Mullin* rule.

In this discussion the court has intentionally disregarded the considerable and increasing number of reported and unreported decisions of courts throughout the State which have come to its attention and which have adopted and applied the *Mullin* rule, the latest being *Matter of Carhart* (168 Misc. 280), since they no longer possess any particular importance.

In respect of any legal question upon which appellate authority has not spoken it is open to a judge or surrogate to adopt or disregard the determination of a co-ordinate court as his understanding of the law dictates. However, when a question has been determined by appellate authority, the merits or demerits of the particular decision pass beyond the purview of discussion or variation by courts of first impression. In the present situation, even if the Appellate Division of the Second Department had not spoken on the subject, this court would deem itself bound by the *Mullin* rules by reason of the decision in *Matter of Aldridge*, even if it chanced to disagree with them.

It is the settled opinion of this court that the application of the principles of *stare decisis* and of the subordination of a court of first impression to those placed higher in the judicial system of this State forecloses further consideration by this court of the extent of the permissible requirements for particularization by a probate contestant. Even were the remote contingency to occur of an alteration of the opinion of the court on the merits respecting the rights of a proponent in this connection, it would deem itself unauthorized to disregard the demonstrated opinion of the three and only appellate courts which have passed on the subject, to the effect that the *Mullin* case correctly reflects the law, unless and until a different rule is enunciated by the Court of Appeals.

Respecting the presently demanded particularization, the first four items will be granted. As to the fifth, which seeks information as to the position of the contestant in his allegation that the propounded instrument " is not the Last Will and Testament of the said decedent," he will be required to state whether he relies upon some allegedly later will, upon a revocation of the present document or if his contention is merely that the instrument presently propounded does not conform to the requirements of section 21 of the Decedent Estate Law.

Since the burden of demonstrating due execution rests upon the proponent even in the absence of objection he is not entitled to particularization in respect of his sixth demand. (*Matter of Mullin*, 143 Misc. 256, 260.)

The objection to the grant of the particularization that the proponent is informed of the facts is without merit (*Matter of Herle,* 157 Misc. 352, 359), as are the remaining asserted grounds of opposition.

Enter order on notice in conformity herewith.