In the Matter of the Probate of the Will of JASON C. ROOSA, SR., Deceased.

Surrogate's Court, Ulster County, April 21, 1954.

*Lloyd R. Le Fever* for *William S. Roosa,* proponent.

*Richard F. Russell* for Florence R. Palen, contestant.

STERLEY, S. The last will and testament of Jason C. Roosa, Sr., was offered for probate in this court. Objections to the probate of said will were filed by Florence R. Palen. Among the objections as filed it was alleged that the paper writing offered for probate was procured or caused by the undue influence and fraud of James K. Roosa, or by some other person or persons acting in concert or privity with the said James K. Roosa whose name or names are unknown to respondent obiect-

ant herein. A motion was made by counsel for the proponent returnable March 23, 1954, and thereafter adjourned until April 6, 1954, to obtain a verified bill of particulars from the respondent objectant Florence R. Palen, with regard to the following matters: 1. The names and addresses of each and every person claimed to have exercised undue influence and fraud upon the testator in the execution of the paper writing offered for probate herein. 2. The place or places where and the time or times when the acts alleged to constitute undue influence and fraud took place. 3. The specific act or acts, course of conduct, false statements, suppressions of fact and misrepresentations alleged to have been used (a) in the fraud and (b) in the practice of undue influence upon the decedent. 4. Whether or not any acts of physical violence or mistreatment of decedent or threats against decedent accompanied any acts of undue influence and fraud, and if so, the nature thereof.

Respondent opposed the motion for the said bill of particulars and on April 9th at the direction of the Surrogate filed an affidavit in opposition thereto. The attorney for the proponent filed a memorandum in support of the motion with this court on April 15, 1954.

It seems well settled that the Surrogate has powers in a proper case to direct the service of a bill of particulars. This is based on section 316 of the Surrogate's Court Act by which provisions of the Civil Practice Act are made applicable to proceedings in Surrogate's Court. There seems no question but that the Surrogate has power in a probate proceeding to order the furnishing of a bill of particulars. It is true that the exercise of that power is clearly discretionary. The right to exercise such power undoubtedly depends upon the established rules in the various counties of the State. The rules of the Ulster County Surrogate's Court are mostly silent on this question. This court is certainly not obliged to follow the rules of any of the Surrogates' Courts of other counties of the State of New York and since the rules of the Ulster County Surrogate's Court are mostly silent on this subject, this court feels that it is entirely discretionary as to whether or not to grant a request for a bill of particulars in a probate proceeding.

In *Matter of Mullin* (143 Misc. 256, affd. 240 App. Div. 996, affd. 265 N. Y. 491), the allowance of a bill of particulars was fully discussed as follows: As far as undue influence was concerned the proponent was entitled to be informed as to the specific act or acts or course of conduct alleged to have con-

stituted and effected such undue influence; the person or persons charged therewith, and the time or times and place or places where it is alleged to have taken place. The case further held that the facts which the objector must furnish in connection with his allegations of fraud are the particular false statements, suppressions of fact, misrepresentations or other fraudulent acts alleged to have been practiced upon the decedent, the place or places where these events are claimed to have occurred and the persons who perpetrated them; also whether such actions were accompanied by any acts of physical violence or mistreatment of the decedent or threats, and if so, the nature thereof. The facts in the *Mullin* case (*supra*), are similar in many respects to the issue now before this court.

The objections as filed by the respondent allege very generally that the alleged will was obtained by undue influence and fraud. This court believes that such allegations are nothing other than mere conclusions of law. It certainly appears reasonable in view of the objections as filed that the proponent is entitled to have a clarification of the issues so that he will be in a position to know what proof he will have to meet and which, in the opinion of this court, would greatly expedite the trial of the cause to the end that justice might prevail to a greater degree.

It is the opinion of this court that, in view of the *Mullin* case heretofore cited and other cases in support thereof, the proponent herein is entitled to a verified bill of particulars from the respondent objectant Florence R. Palen as set forth in the proponent's notice of motion.

A decree may be entered upon notice.