John D. Bennett, S.
The motion of Frank R. Dexter for an examination before trial is granted as to all items in the notice. In the absence of special circumstances (Matter of Brady, 273 App. Div. 968; Matter of Cosgro, 153 N. Y. S. 2d 174; Matter of Frank, 165 Misc. 411, 414) the examination will be limited to a period beginning three years immediately prior to June 22, 1951 and extending to two years subsequent to December 1, 1952. Item 4 will be limited to testamentary capacity of the decedent as it bears on the alleged fraud and undue influence (Matter of Coen, 128 N. Y. S. 2d 166).
All relevant records, documents, books, papers and other written or printed data pertaining to the subject matter of the examination in the custody or control of Frank R. Dexter should be produced for inspection and use in accordance with section 296 of the Civil Practice Act.
Although records in the possession of an attorney may be made available at an examination, at which time, if appropriate, any proper claim of privilege may be asserted (see Civ. Prac. Act, §§ 353, 354; cf. Matter of Morrell, 154 Misc. 356, 360), the motion is denied as to John P. Gering, the attorney, without prejudice to renewal upon such papers as will set forth facts, rather than naked conclusions, showing such special circumstances as would justify his examination as a witness pursuant to section 288 of the Civil Practice Act (Matter of Weth, 135 N. Y. S. 2d 70; Matter of Levy, 92 N. Y. S. 2d 211; Matter of La Vigne, 107 N. Y. S. 2d 260; Matter of McConnell, 107 N. Y. S. 2d 258).
The examination will proceed at a time and place to be fixed in the order.
Submit order on notice.
*462 (September 14, 1956.)
No affidavit was submitted in opposition to this motion for a bill of particulars although in a companion motion for an examination before trial, it was urged by the objectant that the bill be required to be served after the completion of the examination. In the opinion of this court, the position of the objectant is correct. Service of the bill after a party has obtained such facts as can be adduced through the use of an examination will permit him far more satisfactorily to amplify the pleadings, limit proof, define issues, and prevent surprise at the trial. Such a procedure places a corresponding duty on the objectant to furnish a bill which will serve these functions (see Matter of Ludlam, 154 N. Y. S. 2d 989; Matter of Meyers, 158 Misc. 942, 944; Matter of Walsh, 154 N. Y. S. 2d 987).
The motion is granted. The bill of particulars is to be served 20 days after completion of the examination before trial.
Submit order on notice.