John D. Bennett, S.
(A) Motions pursuant to rule 103 of the Rules of Civil Practice.
These are motions made by petitioner pursuant to rule 103 of the Rules of Civil Practice to strike out the first affirmative defense of each of the respondents. The granting of such a motion is in the court’s discretion (4 Carmody-Wait, New York Practice, p. 767).
In Riesenberger v. Sullivan (1 A D 2d 1050, 1051) the court said: “ Motions to strike out parts of a pleading as unnecessary and improper are not favored and will be denied unless the court can clearly see that the allegations sought to be struck out have no possible bearing on the subject matter of the litigation (Solomon v. La Guardia, 267 App. Div. 435; Chesny v. Chesny, 278 App. Div. 586). The refusal to strike out an allegation is not an adjudication as to its materiality and does not *364 constitute a decision that evidence under it would be competent or have an effect upon the trial (International Ry. Co. v. Jaggard, 204 App. Div. 67; Michigan, S. S. Co. v. American Bonding Co., 109 App. Div. 55).”
Apparently the test of prejudice is the fundamental one in determining a motion to strike out (4 Carmody-Wait, New York Practice, p. 768). However, where the court is doubtful that any prejudice will result, the motion will be denied (North v. Ringling, 187 Misc. 621). The court is not of the opinion that prejudice will necessarily result from the affirmative defenses pleaded by the respondents. Furthermore, the notices of motion fail to specify the precise parts of the pleadings which are requested to be stricken out, and a failure to do this has been held fatal to the motion (Mayer v. Hochman, 73 N. Y. S. 2d 97). Accordingly the two motions are denied.
(B) Motion for bill of particulars.
Respondent, Robert F. Brown, proceeding by order to show cause, seeks to obtain a bill of particulars. The petitioner does not object to the items sought. However, he requests that the court require the bill of particulars to be served after an examination before trial of the respondent, Robert F. Brown. Under the circumstances presented, the motion is granted only to the extent of directing that a bill of particulars of the items set forth in the order to show cause dated December 23, 1958 be served on the respondent, Robert F. Brown, 15 days subsequent to the completion of his examination, before trial. “ It would appear to be the better practice to require the contestant to furnish his bill of particulars after he has had an opportunity to conduct his examinations before trial (see Matter of Ludlam, 154 N. Y. S. 2d 989; Matter of Meyers, 158 Misc. 942).” (Matter of Veeder, 7 Misc 2d 662, 664; see, also, Matter of Mottek, 6 Misc 2d 934; Matter of Dexter, 16 Misc 2d 460.)
(0) Motion to vacate notice of examination.
The motion is granted to the extent of substituting, for the items sought in the notice of examination, a requirement that the examination shall be: “ * * * ‘ with respect to the relevant and material allegations of fact put in issue by the pleadings in the action.’ ” (Rules Civ. Prac., rule 121-a.)
Rulings as to competency, relevancy and materiality will be made as required during the examination.
Settle orders on five days’ notice.