Maurice D. Isenbergh, S.
The contestant has made application to the court for an order vacating and setting aside the proponent’s demand for a bill of particulars, or in the alter *444 native, modifying said demand, and for such other, further and different relief as to the court may seem necessary and proper. The proponent’s demand for a bill of particulars is directed to the allegations of fraud and undue influence in paragraph 3 of the contestant’s objections.
The application will be treated as though the proponent were seeking a bill by motion in the first instance, since it calls upon the court to determine the nature and extent of the items, if any, which the contestant should furnish to the proponent.
It is too well settled to require citation of authority, that the proponent in a contested probate may properly require the particularization of the charges of fraud and undue influence asserted to defeat the probate.
The real controversy here revolves around the extent to which such particulars ought to be furnished.
Examination of the proponent’s demand, and of the contestant’s moving papers, and a full consideration of the arguments and authorities cited by their counsel, demonstrate that the proponent seeks ‘ ‘ specific ’ ’ particularization beyond that granted in Matter of Mullin (143 Misc. 256) while the contestant would limit the bill to ‘ ‘ general ’ ’ statements in accordance with Matter of Martin (151 Misc. 93).
No proper decision can be arrived at without noting the difference between the two rules promulgated in the two cases above cited and so well stated by Surrogate Wingate in Matter of Van Riper (171 Misc. 178, 179) in this language:
‘ ‘ The distinction between the Mullin rule and that applied in Matter of Martin is that in the former the contestant is required to state ‘ the specific act or acts or course of conduct alleged to have constituted and effected such undue influence ’ and ‘ the particular false statements, suppressions of fact, misrepresentations, or other fraudulent acts alleged to have been practiced upon the decedent’ which are claimed to have amounted to the asserted fraud.
‘ ‘ Under the Martin rule all that may be required of the contestant is that he ‘ set forth in general terms the acts, course of conduct, false statements, suppressions of fact and misrepresentations alleged to have been used in the fraud and in the practice of undue influence upon decedent. ’
“In a word, the Mullin requirement compels the pleading of the basic essential facts from which a legal inference of undue influence or fraud is asserted to flow, whereas the Martin rule permits a more or less considerable degree of latitude in purely conclusory allegation.”
*445 The conflict between the two rules is reflected in actual practice. In Kings County the Mullin rule controls (Matter of Van Riper, supra) while in New York County the Martin rule governs (Matter of Gordon, 6 N. Y. S. 2d 569). Both before and after the Mullin case the practice in Nassau County accorded with that of Kings County (Matter of Carhart, 168 Misc. 280). In the only reported case in the Third Department, Ulster County followed the Mullin rule (Matter of Roosa, 205 Misc. 628). In applying the Mullin rule in Monroe County (Matter of Britton, 167 Misc. 747) the learned Surrogate Feely interpreted the word ‘1 specific ’ ’ to mean “ultimate” facts as distinguished from “ evidentiary” facts.
It seems from the foregoing decisions that the courts of first impression are leaning more toward the Mullin than the Martin rule.
The principles of the Mullin case have also received appellate approval (Matter of Wetterau, 245 App. Div. 822 [2d Dept.]; Matter of Aldridge, 248 App. Div. 675 [4th Dept.]; Matter of Carpenter, 252 App. Div. 885 [2d Dept.]). It has been said (Matter of Gordon, supra) that the Martin rule likewise received appellate approval in Matter of Lippman (242 App. Div. 628 [1st Dept.]). Surrogate Wen-gate, however, in Matter of Van Riper (supra, p. 183), points out that in the Matter of Lippman (supra), the issue was not between the rules of the Martin and Mulin cases but rather between those of the Martin case and Matter of Ross (115 Misc. 41), the latter case having required less particularization than the Martin rule. His analysis of the Lippman case is as follows: ‘ ‘ Matter of Lippman (242 App. Div. 628) destroys the last remaining vestige of the ancient myth of the authority of Matter of Ross (115 Misc. 41). It, however, does no more than to determine that particularization in excess of that permitted in Matter of Ross is demandable, leaving wholly untouched the question of the quantum of such excess except to hold that the amount thereof permitted under Matter of Martin is not too much.”
Although it may be argued that the Wetterau approval of the Mullin rule stands on no firmer ground than the Lippman approval of the Martm rule, the fact remains that the Aldrich and Carpenter cases upheld the Mullin rule when directly opposed by the Martin rule.
An examination of these leading cases has persuaded this court that the weight of authority rests with the Mullin rule, and that in the instant ease the contestant should be required to plead the “basic essential facts ” constituting the asserted fraud and undue influence, as distinguished from ‘1 purely *446 conclusory allegations.” It does not follow, however, that the proponent is entitled to the particulars as demanded. In the light of the foregoing, and in lien of the items contained in proponent’s demand, the contestant will be directed to serve a verified hill of particulars as follows:
1. The specific act or acts or course or courses of conduct claimed to have constituted and effected the undue influence practiced upon the decedent as alleged in objection designated 8.
2. The time and times when and the place and places where snch undue influence is alleged to have taken place, and the name and address of each and every person charged with practicing such undue influence.
3. The particular false statements, suppressions of fact, misrepresentations, or other fraudulent acts, claimed to have been practiced upon the decedent as alleged in objection designated 3,
4. The time and times when and the place and places where such false statements, suppressions of fact, misrepresentations, or other fraudulent acts are claimed to have occurred, and the name and address of each and every person alleged to have perpetrated the same.
5. Whether any such false statements, suppressions of fact, misrepresentations or other fraudulent acts, were accompanied by any act of physical violence upon or mistreatment of or threat to the decedent, and if so, the nature thereof.
The verified bill of particulars is to he served by the contestant within 10 days after the conclusion of the examinations before trial heretofore granted to her by this court or if the examinations have been completed then 10 days after service of a copy of the order entered herein. Submit order on notice accordingly.