Nathaniel T. Herman, J.
Motions numbered 92 and 109 are consolidated herewith. Both motions are intertwined and affect the disposition of each other. Plaintiff moves to modify one of the defendant’s demand for a bill of particulars. The said defendant moves to vacate plaintiff’s notice of examination because it is premature and said defendant is entitled to priority of examination pursuant to the rules of this court.
The motion to modify the demand for a bill of particulars is granted with respect to item lb by setting forth only the particular portion of the will pertaining to the devise of the stock to plaintiff and the date of the will.
It is apparent that most of the information sought is within defendant’s knowledge and control and no useful purpose would be served requiring plaintiff to serve the bill sought prior to the examination before trial of the various defendants. Upon the termination of the examination she should then be able to furnish an accurate and comprehensive bill of particulars. The service of such a bill after the examinations would be more conducive to orderly and expeditious procedure (Carney v. Liebmann Breweries, 8 Misc 2d 1064; Lustig v. Longchamps Inc., 279 App. Div. 928; Zilboorg v. Zilboorg, 131 N. Y. S. 2d 122). To require a bill of particulars in advance of obtaining the necessary information is futile (Weber v. Columbia Amusement Co., 154 App. Div. 882). Therefore the bill of particulars shall be served within 20 days after completion of the examination before trial of defendants. In the event that plaintiff is not diligent in proceeding with such examinations the moving *326 defendant is granted leave to apply to the court for the furnishing of the bill of particulars so ordered.
While under rule XI of this court the notice of examination appears to be premature and defendant would be entitled to priority of examination, the circumstances herein warrant a departure from the rules. The rules are a guide for the disposition of motions made with respect to examination before trial in the absence of good cause shown to depart therefrom.
Accordingly the motion to vacate plaintiff’s notice of examination is denied and the moving defendant is directed to appear at Special Term, Part II, of this court on May 15, 1962, at 10:00 a.m. for examination or at such other times and places as may be stipulated pursuant to the notice served.