■ In the Matter of the Probate of the Will of A. HARRISON REYNOLDS, Deceased. GEORGE L. MALTBY et al., Appellants; DE ETTE S. JOHNSON, Respondent.— Order unanimously modified in accordance with the memorandum and as modified affirmed, with costs to appellants-contestants payable out of the estate. Memorandum: Based upon the liberalization of pretrial practice permitting examinations before trial without restriction with respect to burden of proof (see *Marie Dorros, Inc.* v. *Dorros Bros.,* 274 App. Div. 11; CPLR 3101, subd. [a]), the Surrogate ordered the contestants to comply with paragraph Third (d) of proponents' demand for bill of particulars, requiring contestants to state the facts which they "intend to offer as proof on the trial to support their objections including matters related to the issues of testamentary capacity" of the testator of the propounded will. This was error because proponents have the burden of proof concerning testamentary capacity (*Matter of Creekmore,* 1 N Y 2d 284, 292). The purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at the trial with respect to a party's claim (*State of New York* v. *Horsemen's Benevolent & Protective Assn.,* 34 A D 2d 769). CPLR 3041 provides in part, "Any party may require any other party to give a bill of particulars *of his claim*" (italics added). The CPLR did not change the substance of the prior practice with respect to bills of particulars (see Siegel, McKinney's Cons. Laws of N. Y., Book 7B, Practice Commentary, CPLR 3041 [1971 supp.]); and a party may be required to furnish a bill of particulars only with respect to issues upon which he has the burden of proof (*Matter of Mullin,* 143 Misc. 256, affd. 240 App. Div. 996, affd. 265 N. Y. 491; *Bounds* v. *Mutual of Omaha Ins. Co.,* 37 A D 2d 1008; *Matter of Weisberg,* 286 App. Div. 849; *Matter of Swift* v. *Swift,* 65 Misc 2d 1014, 1019; *Matter of Rakov* v. *Gingold,* 23 Misc 2d 725, 728–729; 6 Carmody-Wait 2d, New York Practice, § 36:24; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3041.10; Dolan, Bills of Particulars in New York, §§ 11–12, 15; and see *Haines* v. *Cook Elec. Co.,* 20 A D 2d 517). This rule in no way limits the liberal practice with respect to examinations before trial. The record is not clear as to

whether contestants have pending an examination before trial of the proponents, but in the papers there are references to what each side must do on completion of examinations before trial. Where much of the information which a party needs to prepare his bill of particulars is within the knowledge of the other party, it is futile to require service of the bill before completion of the examination before trial, and in the absence of special circumstances it should not be directed (*King* v. *McCormick*, 19 A D 2d 874; *Corlett* v. *Kiefer*, 34 Misc 2d 325; Dolan, Bills of Particulars in New York, § 67). The order should, therefore, be modified to permit service of contestants' bill of particulars within 15 days after completion of the examinations before trial (*Matter of Nachman*, 17 Misc 2d 363, 364; Dolan, Bills of Particulars in New York, § 65, p. 95). Without attempting to fix blame for previous delays in the prosecution of this proceeding, we state that the examinations before trial herein should not be permitted to cause further delay, and we direct that they be concluded within 30 days after entry and service of an order hereon, unless upon a showing of special circumstances the time is extended by the Surrogate. In all other respects the order appealed from should be affirmed. (Appeal from order of Chautauqua County Surrogate in motion to limit demand for bill of particulars.) Present— Del Vecchio, J. P., Witmer, Gabrielli, Moule and Henry, JJ. [67 Misc 2d 380.]