OPINION OF THE COURT
Arnold F. Ciaccio, J.
In this will contest, petitioner proponent of the will seeks to preclude the respondent-objectant from giving evidence at the trial as to certain items for which proponent’s demand for a bill of particulars has not been responded to or has inappropriately been responded to. Proponent has served a demand for a bill of particulars seeking particularization of the generalized objections of lack of due execution, lack of testamentary capacity and the presence of undue influence and fraud. The respondent, relying in good measure on the rules of the court *311 (22 NYCRR 207.23) as well as prior generalized precedents in the field, has answered with respect to the items of due execution and testamentary capacity that "inasmuch as the proponent has the burden of proof concerning [those items] proponent is not entitled to a bill of particulars [on those matters]” (Matter of Reynolds, 38 AD2d 788).
In spite of what has been a continuing trend of the liberalization of pretrial practice permitting examinations before trials without restrictions and in general requiring full disclosure so as to prevent "trial by ambush” (see, Marie Dorros, Inc. v Dorros Bros., 274 App Div 11; CPLR 3101 [a]), it continues to be the general rule in this Department that a party is required to furnish a bill of particulars only with respect to issues upon which he has the burden of proof. (Matter of Mullin, 143 Misc 256; Bounds v Mutual of Omaha Ins. Co., 37 AD2d 1008; see, narrative discussion in Matter of Reynolds, supra, 38 AD2d 788, and cases cited.) Equally clear, however, is the continuing rule that the purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at the trial with respect to claims made. (State of New York v Horsemen’s Benevolent Assn., 34 AD2d 769.) CPLR 3041 provides in part "[a]ny party may require any other party to give a bill of particulars of his claim”.
Lengthy citations are not required for the proposition that in a will contest the proponent has the burden of proof concerning due execution and testamentary capacity. That burden is met procedurally by the filing of "affidavits of attesting witnesses” that aver to the due execution and testamentary capacity. It is the objectant who places those two requirements at issue when he or she files objections simply alleging that the decedent lacked testamentary capacity and that there was no due execution of the will. It seems clear that in the interest of limiting the proof, preventing surprises and preventing "trial by ambush” that minimal particulars be afforded by an objectant where only a generalized claim of lack of testamentary capacity and due execution has been made. The court is persuaded by the logic set forth in Matter of Ross (34 Misc 2d 1018).
Accordingly, the court rules as follows with respect to the specific demands in this application: (3) respondent shall furnish a response as to which, if not all, of EPTL 3-2.1 were not complied with; (4) the respondent shall furnish particularization concerning the time during which decedent suffered from an alleged mental illness, if any, its medical description and *312 duration and whether or not decedent was suffering from such illness at the time of execution of the propounded instrument, and what treatment, if any, had been accorded decedent. The objectant need not furnish the names and addresses of the witnesses thereto; (5) no further answer is required other than what has been given by the objectant inasmuch as the answer is incorporated in the answer to 4; and (6) no further answer by the objectant shall be required.
Upon respondent’s failure to comply within 20 days of service of the order served upon her in conformity with this decision, objectant shall be precluded from offering or giving testimony at the trial of the items of the particulars not furnished.