OPINION OF THE COURT
Alfred J. Weiner, S.
In this contested probate proceeding, objectants seek an order suppressing the use of tape-recorded conversations between the decedent and objectant, Ismay Swammy, during the trial and at any examinations before trial. The petitioner opposed the application.
The purported last will was executed on March 16, 1987 and *160 the tape recordings of conversations between objectant and decedent took place 6 to 9 years prior to the date of execution. The objectant was hired by decedent as a housekeeper in the late 1970’s. Petitioner contends that objectant, from the time of his hiring, began a course of conduct in fraud and undue influence against decedent that resulted in the execution of decedent’s last will.
Objectants contend that the relationship in time between the tape recordings and the execution of the will is too remote for the tape recordings to be admissible, and additionally, that they have no probative value on the issues of fraud and undue influence.
Except upon the showing of special circumstances, the examination before trial in a contested probate is confined to a three-year period prior to the date of the propounded instrument and two years thereafter, or to the date of decedent’s death, whichever is the shorter period. (Matter of Frank, 165 Misc 411; 22 NYCRR 207.27 [Uniform Rules for Trial Courts].) However, this is not an inflexible rule and the courts, where special circumstances exist, are not required to follow it. (Matter of Kaufmann, 11 AD2d 759.) Special circumstances include allegations of a scheme of fraud or a continuing course of conduct or undue influence, evidenced by facts. (Matter of Brady, 273 App Div 968; Matter of Carpenter, 252 App Div 885; Matter of Griffith, 48 Misc 2d 1048.) Furthermore, an examination before trial was allowed for a time period commencing when a proponent took up residence with the decedent, beyond the three years prior to the will’s execution, when objections were filed alleging fraud and undue influence. (In re O’Brien, 45 NYS2d 682 [Sur Ct, Westchester County].)
The court finds that the contentions raised by petitioner constitute special circumstances to enable petitioner to utilize the tape recordings at an examination before trial. The application to suppress the use of the tape recordings at trial is denied, without prejudice to renew at the time of trial.