■ In the Matter of the Estate of BASIL CONSTANT, Deceased. ANTHONY DELORENZO, Appellant; ANASTASIA BENOIST et al., Respondents, et al., Respondent. [6 NYS3d 477]—

Order, Surrogate's Court, Bronx County (Nelida Malave-Gonzalez, S.), entered on or about June 27, 2014, which denied petitioner's motion to expand discovery beyond the time permitted under 22 NYCRR 207.27, to permit depositions of the purported attorney draftsman and two attesting witnesses of an alleged 2006 will, to explain decedent's state of mind and reasons for executing the 2010 will as decedent approached 100 years old, unanimously affirmed, without costs.

The court properly exercised its discretion in denying petitioner's motion to expand the scope of discovery, as no special circumstances are presented in this case (22 NYCRR 207.27). The alleged 2006 will is not at issue in this probate proceeding, and, to the extent objectants are asserting that the decedent had been incapacitated since 2006, they will bear the burden of such proof. In any event, it is decedent's capacity in 2010, when he executed the propounded will, that is at issue. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Kapnick, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED TAYLOR, Appellant. [6 NYS3d 478]—Appeals having been taken to this Court by the above-named appellant from judgments of the Supreme Court, New York County (Lewis Bart Stone, J., at plea; Jill Konviser J., at sentencing), rendered on or about January 10, 2013, said appeals having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgments so appealed from be and the same are hereby affirmed. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Kapnick, JJ.