OPINION OF THE COURT
Petek J. Kelly, S.
In this probate proceeding, objectant moves for an order striking that part of petitioners’ demand for a bill of particulars which seeks particulars on the issues of due execution and testamentary capacity, expanding the scope of discovery beyond the time period set forth in Uniform Rules for Surrogate’s Court (22 NYCRR) § 207.27, directing petitioners to provide a response to objectant’s discovery demands, and for sanctions and attorney’s fees.
Decedent died on January 23, 2016 survived by three children, the petitioners Theodore and Philip, and the objectant Patricia. Offered for probate is an instrument dated April 10, 2003 wherein decedent bequeaths her interest in a certain corporation to her three children equally and leaves the residuary estate only to petitioners.
Objections were filed after SCPA 1404 examinations of the attorney draftsperson and one witness. Although examinations before trial of the parties were scheduled at the preliminary conference, they have not been conducted since objectant claims she has not received certain financial records and signed HIPAA authorizations from petitioners. Likewise, petitioners claim that objectant has failed to provide a response to their demand for a verified bill of particulars.
In probate proceedings, demands for bills of particulars and responses are governed by CPLR 3041 and 3042, as well as Uniform Rules for Surrogate’s Courts (22 NYCRR) § 207.23. *1094 The latter section provides that when objections to probate are made on the grounds of fraud or undue influence, the proponent is entitled to a verified bill of particulars setting forth particular, itemized information. A proponent, however, may not demand a bill of particulars with respect to issues that it has the burden of proof on, namely due execution and testamentary capacity (see e.g. Estate of Cascardo, NYLJ, Aug. 28, 2009 at 34, col 1 [Sur Ct, Richmond County 2009]). In this case, petitioners have erroneously demanded a bill of particulars concerning the issues of due execution and testamentary capacity.
Accordingly, the branch of the motion to strike that part of petitioners’ demand seeking a bill of particulars on the issues of due execution and testamentary capacity is granted.
However, petitioners also appropriately seek particulars concerning the issues of undue influence and fraud. Objectant argues that, to the extent a bill of particulars is required on these issues, it need not be provided until after the depositions of the parties and the completion of discovery, citing Matter of Reynolds (38 AD2d 788 [4th Dept 1972]), a probate proceeding which held that a showing of special circumstances must be made to obtain a bill of particulars prior to completion of examinations before trial. That case, however, predates the effective date of 22 NYCRR 207.23 (eff Jan. 6, 1986) which expressly provides that “the proponent shall be entitled as of course” to the bill of particulars (22 NYCRR 207.23 [a]). Should further information be obtained, objectant may amend the bill of particulars “once as of course prior to the filing of a note of issue” (CPLR 3042 [b]).
Accordingly, objectant is directed to provide petitioners with a verified bill of particulars setting forth the information required by 22 NYCRR 207.23 concerning the allegations of fraud and undue influence within her knowledge, within 20 days from the date of this decision and order.
Objectant next seeks to expand discovery in this case beyond the time period set forth in the applicable Uniform Rules for Surrogate’s Court, which confines discovery to the three-year period prior to the date of the propounded instrument and two years thereafter (or date of death if earlier), except upon a showing of special circumstances (22 NYCRR 207.27; see Will of Manoogian, NYLJ, Feb. 28, 2014 at 22, col 5 [Sur Ct, NY County 2014]; Estate of Giardina, NYLJ, June 15, 1999 at 32, col 4 [Sur Ct, Nassau County 1999]). This limitation of the *1095 time period for which discovery can be obtained is a pragmatic rule designed to prevent the costs and burdens of a “runaway inquisition” (Estate of Das, NYLJ, May 1, 2009 at 31, col 3, 2009 NY Misc LEXIS 2411 [Sur Ct, Nassau County 2009]). The determination whether to expand the scope of discovery is within the discretion of the court (see e.g. Matter of Constant, 128 AD3d 419 [1st Dept 2015]).
Objectant argues that special circumstances exist because the proponents have engaged in a scheme of fraudulent conduct and continuing course of undue influence. When special circumstances are based upon this allegation they must be evidenced by the facts (see Matter of Partridge, 141 Misc 2d 159 [Sur Ct, Rockland County 1988]; Estate of Sabin, NYLJ, Jan. 22, 2015 at 30, col 3, 2015 NYLJ LEXIS 5846 [Sur Ct, Suffolk County]; Estate of Levey, NYLJ, Jan. 22, 2015 at 29, col 6, 2015 NYLJ LEXIS 5845 [Sur Ct, Suffolk County]).
In support, the objectant submits a letter from decedent’s treating doctor stating that decedent was diagnosed with dementia on October 19, 2000. Prior thereto, decedent had created an irrevocable trust in or about December 1999 which granted all three of her children an equal interest in the trust income and residuary. Decedent thereafter gave both proponents a power of attorney in 2006 that they allegedly used to transfer $250,000 to themselves prior to decedent’s death in 2016. In addition, the documentary evidence shows that decedent executed a deed transferring a parcel of real property to the proponents in May 2000, which is near in time to both the establishment of the trust and the diagnosis of dementia.
The facts and circumstances surrounding the transactions between decedent and the petitioners that occurred both before and after the purported will was executed demonstrate a change in decedent’s 1999 testamentary plan, and arguably, a potential course of conduct which could bear on the question whether undue influence existed (see generally e.g. Matter of Carpenter, 252 App Div 885 [2d Dept 1937]; Matter of Griffith, 48 Misc 2d 1048, 1049 [Sur Ct, Erie County 1966]). Consequently, the court finds that a minor extension of the rule is warranted in this case to allow objectant to inquire about these transactions.
Accordingly, the branch of the motion to expand the time period for discovery set forth in 22 NYCRR 207.27 is granted to include the time period of four years prior to the date of the propounded instrument and three years thereafter.
*1096 The branch of the motion to direct petitioners to comply with the discovery demands dated May 3, 2016 and September 23, 2016, by providing decedent’s financial records and duly executed HIPAA authorizations for medical providers, is granted to the extent that such records and authorizations shall be provided for the expanded time frame set forth in this decision. Petitioners shall provide these items to objectant within 20 days from the date of this decision and order.
With respect to the branch of objectant’s motion to sanction petitioners, the court, in its discretion, may impose financial sanctions upon any party in a civil action or proceeding who engages in conduct which is defined as frivolous (22 NYCRR 130-1.1 [a]). Conduct is frivolous if it is completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification, or reversal of existing law, or if it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another (22 NYCRR 130-1.1 [c]). The imposition of sanctions may be made either upon motion or by the court’s own initiative, and after a reasonable opportunity to be heard (22 NYCRR 130-1.1 [d]).
Although the facts presented suggest that procedural tactics undertaken by the parties have resulted in some delay to this probate proceeding, they are insufficient to demonstrate that petitioners have engaged in frivolous conduct as defined by the rule.
Accordingly, the branch of the motion seeking sanctions against petitioners for frivolous conduct is denied. Counsel for objectant is also reminded that frivolous motions for relief pursuant to 22 NYCRR 130-1.1 can, in and of themselves, be the basis for costs and sanctions under this section.
All remaining demands for relief set forth in the motion are denied.