| Matter of Landau |
|:---:|
| 2024 NY Slip Op 34301(U) |
| December 4, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2023-2246 |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

------------------------------------------------------------------x

Probate Proceeding, Will of

       EMILY FISHER LANDAU,

                    Deceased.

------------------------------------------------------------------x

**DECISION and ORDER**

File No.: 2023-2246

M E L L A, S.:

The court considered the following submissions in determining this motion regarding the scope of pre-objection discovery:

| Submissions Considered | Numbered |
|---|---|
| Respondent's Amended Notice of Motion; Affirmation of Jennifer F. Hillman, Esq., in Support of Motion, with Exhibits | 1,2 |
| Respondent's Memorandum of Law in Support of Motion | 3 |
| Affirmation of Taleah E. Jennings, Esq., in Opposition to Motion, with Exhibits | 4 |
| Petitioner's Memorandum of Law in Opposition to Motion | 5 |
| Respondent's Reply Memorandum of Law in Further Support of Motion | 6 |

In this probate proceeding in the estate of Emily Fisher Landau, decedent's grandson,

Hadley Fisher (Respondent), moved to expand the time frame for pre-objection SCPA 1404

discovery set forth in Section 207.27 of the Uniform Rules for Surrogate's Court and for leave to

depose his brother, Winston Fisher (Winston), so as not to trigger the propounded instrument's in

terrorem clause (*see* SCPA 1404[4]; EPTL 3-3.5[b][3][D]). At the call of the calendar on April

16, 2024, the court denied the motion in its entirety for the reasons stated below.

Background

Decedent died on March 27, 2023, at the age of 102, leaving an estate over $120 million.

She was survived by her daughter, Candia Fisher (Candia), and eight grandchildren, including

Respondent and Winston, as her sole distributees.[1] As pertinent here, under the propounded instrument, dated December 18, 2012, decedent left the majority of her testamentary assets to Candia either outright or in trust. Decedent also provided for other family members, including these eight grandchildren, five of whom receive $5 million bequests, with the others entitled to a portion of the residuary estate. Preliminary letters testamentary issued on June 15, 2023, to the nominated executors, Candia, William Zabel (the attorney-drafter), and Martin Edelman.

Only Respondent, who is among those grandchildren receiving a $5 million bequest, requested SCPA 1404 examinations. This motion followed.

Discussion

Discovery in probate proceedings is generally limited "to a three-year period prior to the date of the propounded instrument and two years thereafter, or to the date of decedent's death, whichever is the shorter period" unless "special circumstances" are shown (Uniform Rules for Surrogate's Court [22 NYCRR] § 207.27). What constitutes "special circumstances" is a matter that falls squarely within the court's discretion (see Matter of Constant, 128 AD3d 419 [1st Dept 2015]). Courts have found "special circumstances" justifying the expansion of the applicable time period for discovery when evidence in the record raises a concern that the will was the product of undue influence, duress or fraud (see Matter of Liebowitz, NYLJ, Feb. 18, 2016, at 22, col 3 [Sur Ct, NY County]), and the facts support allegations of scheming or defrauding by the proponent or beneficiaries or a continuing course of conduct suggesting undue influence or abuse of the testator's finances (see e.g. Matter of Po Jun Chin, 55 Misc 3d 1092 [Sur Ct, Queens

---

[1] Decedent had ten grandchildren, but only the eight children of decedent's predeceased sons, Richard and Anthony, are distributees (see EPTL 4-1.1). The other two grandchildren are Candia's children.

2

[* 2]

County 2017]; *Matter of Partridge*, 141 Misc 2d 159 [Sur Ct, Rockland County 1988]; *Matter of Sabin*, NYLJ, Jan. 22, 2015, at 30, col 3 [Sur Ct, Suffolk County]).

Here, Respondent's allegations that Winston received more assets from the estate of their father, Richard Fisher, that Winston, as a residuary beneficiary, stands to receive a substantially larger portion of decedent's estate than Respondent, and that Winston has played a key role in the family business did not establish a pattern of abuse of decedent's finances, undue influence by Winston or a continuing course of conduct on the part of Winston, or anyone else for that matter, that would raise questions regarding the validity of the propounded instrument. Further, Respondent's allegations that Winston unduly influenced decedent were based on speculation and conjecture, which cannot be a basis for a finding of "special circumstances" (*see Matter of Judelson*, NYLJ, May 29, 2019, at 22, col 3 [Sur Ct, NY County]; *Matter of Gennarelli*, NYLJ, Mar. 14, 2019, at 25, col 5 [Sur Ct, Kings County]). Accordingly, the court concluded that Respondent failed to present facts sufficient to deviate from the five-year time frame for discovery applicable in probate proceedings.

Similarly, the court denied the remaining part of the motion, which sought leave to depose Winston during this pre-objection phase of discovery, concluding that Respondent had not demonstrated the "special circumstances" required to warrant such examination. In particular, Respondent failed to show that Winston had information concerning the validity of the propounded instrument "that is of substantial importance or relevance to a decision to file objections" to probate (*see* SCPA 1404[4] and EPTL 3-3.5[b][3][D]). The question in this proceeding is whether decedent's December 18, 2012 will is valid and not whether the will of

3

[* 3]

Respondent's father was valid. Nor is this probate proceeding the forum to obtain information concerning the disposition of the assets of the estate of Respondent's father.

This decision, together with the transcript of the April 16, 2024 proceedings, constitutes the order of the court.

The Clerk of the Court is directed to email a copy of this Decision and Order to counsel of record, whose names and email addresses appear below.

Dated: December 4, 2024

_____
S U R R O G A T E

To:

Jennifer Hillman, Esq. - Jennifer.Hillman@rivkin.com
Taleah Jennings, Esq. - Taleah.Jennings@srz.com

4