| Matter of Landau |
|:---:|
| 2025 NY Slip Op 31244(U) |
| April 8, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2023-2246 |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------x

Probate Proceeding, Will of

        EMILY FISHER LANDAU,

                    Deceased.

-----------------------------------------------------------------------x

DECISION and ORDER

File No.: 2023-2246

M E L L A, S.:

        The court considered the following submissions in determining Respondent Hadley Fisher's renewed motion regarding the scope of pre-objection discovery:

| Submissions Considered | Numbered |
|---|---|
| Respondent's Notice of Motion; Affidavit of Hadley Fisher in Support of Motion; Affirmation of Jennifer F. Hillman in Support of Motion, with Exhibits | 1-3 |
| Respondent's Memorandum of Law in Support of Motion | 4 |
| Affirmation of Taleah E. Jennings in Opposition to Motion, with Exhibits; Affidavit of Martin L. Edelman in Opposition to Motion | 5-6 |
| Petitioner's Memorandum of Law in Opposition to Motion | 7 |
| Reply Affirmation of Jennifer F. Hillman in Further Support of Motion, with Exhibits | 8 |
| Reply Memorandum of Law in Further Support of Motion | 9 |

        In this probate proceeding in the estate of Emily Fisher Landau, Decedent's grandson, Hadley Fisher (Respondent), moved to expand the safe harbor provisions of SCPA 1404(4) and EPTL 3-3.5 and the time frame for pre-objection SCPA 1404 discovery set forth in Section 207.27 of the Uniform Rules for Surrogate's Court [22 NYCRR], and to compel the production of certain documents (CPLR 3124). At the call of the calendar on December 20, 2024, the court granted the motion in part and denied it in part for the reasons stated below.

## Background

Decedent died on March 27, 2023, at the age of 102, leaving an estate in excess of $120 million. She was survived by her daughter, Candia Fisher (Candia), and eight grandchildren, including Respondent, as her distributees.[1] As pertinent here, under the propounded instrument, dated December 18, 2012, decedent left the majority of her testamentary assets to Candia either outright or in trust. Decedent also provided for other family members, including these eight grandchildren, five of whom receive $5 million bequests, with the others entitled to a portion of the residuary estate. Preliminary letters testamentary issued on June 15, 2023, to the nominated executors, Candia, William Zabel (the attorney-drafter), and Martin Edelman (decedent's long-time advisor and attorney).

Only Respondent, who is among those grandchildren receiving a $5 million bequest, requested SCPA 1404 discovery. In connection with such discovery, Respondent moved to expand the applicable time frame for pre-objection discovery and sought leave to depose his brother, Winston Fisher, so as not to trigger the propounded instrument's in terrorem clause (*see* Uniform Rules for Surrogate's Court [NYCRR] § 207.27; SCPA 1404[4]; EPTL 3-3.5[b][3][D]). The court denied the motion, finding that Respondent had failed to demonstrate the "special circumstances" required for expansion of pre-objection discovery (*see Matter of Landau*, NYLJ, Dec. 9, 2024, at 22, col 3 [Sur Ct, NY County]).

After Respondent obtained additional discovery pursuant to SCPA 1404, he filed the instant motion, which again asked the court to expand the time frame and scope of pre-objection

---

[1] Decedent had ten grandchildren, but only the eight children of decedent's predeceased sons, Richard and Anthony, are distributees (*see* EPTL 4-1.1). The other two grandchildren are Candia's children.

2

SCPA 1404 discovery. Specifically, Respondent sought permission to examine "the circumstances surrounding the administration" of the estate of Respondent's father, Richard Fisher, who died in 2006, and "the execution of a 2008 version of Decedent's will" and to depose five additional individuals who are not among those who fall within the safe harbor provisions of SCPA 1404[4] and EPTL 3-3.5[b][3][D]. In addition, Respondent asked the court to compel the production of documents related to "Decedent's assets and gift giving."[2]

Discussion

As set forth in Section 207.27 of the Uniform Rules for Surrogate's Court [22 NYCRR], discovery in probate proceedings is generally limited "to a three-year period prior to the date of the propounded instrument and two years thereafter, or to the date of decedent's death, whichever is the shorter period" (3-2 Rule Period) unless "special circumstances" are shown. What constitutes "special circumstances" is a matter that falls squarely within the court's discretion (*see Matter of Constant*, 128 AD3d 419 [1st Dept 2015]). Courts have found "special circumstances" justifying the expansion of the 3-2 Rule Period when evidence in the record raises a concern that the will was the product of undue influence, duress or fraud (*see Matter of Liebowitz*, NYLJ, Feb. 18, 2016, at 22, col 3 [Sur Ct, NY County]), and the facts support allegations of scheming or defrauding by the proponent or beneficiaries or a continuing course of conduct suggesting undue influence or abuse of the testator's finances (*see e.g. Matter of Po Jun*

---

[2] Although Respondent characterized the motion as a "renewed motion" based on "newly discovered evidence," he did not cite the operative statute for motions to renew, CPLR 2221(e), or ask the court to revisit its denial of his prior motion to expand the timing and scope of pre-objection SCPA 1404 discovery based on such "newly discovered evidence." Instead, Respondent sought to expand pre-objection SCPA 1404 discovery to obtain information that was not sought in the prior motion and to compel the production of certain documents. Accordingly, the court will treat the instant motion as unrelated to the prior one.

3

*Chin*, 55 Misc 3d 1092 [Sur Ct, Queens County 2017]; *Matter of Partridge*, 141 Misc 2d 159 [Sur Ct, Rockland County 1988]; *Matter of Sabin*, NYLJ, Jan. 22, 2015, at 30, col 3 [Sur Ct, Suffolk County]).

The court granted that part of the motion which sought an order expanding the 3-2 Rule Period to allow for discovery related to the circumstances surrounding the drafting and execution of decedent's 2008 will. The court found that Respondent established that "special circumstances" warranted the expansion of the relevant time period to take such limited discovery beginning from the date Respondent's father died in 2006 until the beginning of the 3-2 Rule Period, i.e. three years prior to December 18, 2012, the date of the propounded instrument. However, with respect to Respondent's request that the court expand the 3-2 Rule Period to allow him to inquire about the administration of the estate of Respondent's father, the court found that Respondent had failed to present facts that would support a finding of "special circumstances" to justify deviating from the 3-2 Rule Period.

The court also denied that portion of the motion which sought an order permitting Respondent to take additional depositions during the pre-objection discovery phase. The court noted that Respondent was required to show "special circumstances" in order for the court to allow the examinations, and Respondent did not make the necessary showing that these individuals had information concerning the validity of the propounded instrument "that is of substantial importance or relevance to a decision to file objections" to probate (SCPA 1404[4]; EPTL 3-3.5[b][3][D]).

Finally, the court granted Respondent's motion to compel the production of documents

4

[* 4]

to the extent that the Preliminary Executors were directed to produce decedent's gift tax returns and documents related to decedent's charitable giving within the 3-2 Rule Period. The Preliminary Executors having consented, the court also directed the Preliminary Executors to provide Respondent's counsel with the net value of distributable assets, based on the disclosures made on the estate's federal tax return, as filed.

This decision, together with the transcript of the December 20, 2024 proceedings, constitutes the order of the court.

The Clerk of the Court is directed to email a copy of this Decision and Order to counsel of record, whose names and email addresses appear below.

Dated: April 8, 2025

S U R R O G A T E

To:

Jennifer Hillman, Esq. - Jennifer.Hillman@rivkin.com
John Morken, Esq. - jmorken@farrellfritz.com

5